SCHEB, Acting Chief Judge.
Defendant James Collins attacks the trial court’s orders revoking his probation on the ground that the evidence was insufficient to show that he violated the substantial conditions of his probation. We modify the trial court’s findings but otherwise affirm.
In June 1982 the state charged Collins with burglary of a conveyance and'possession of cocaine. After pleading guilty to both charges, he was placed on concurrent five-year terms of probation. Subsequently, on August 3, 1983, affidavits were filed charging Collins with several violations of his probation. Specifically, he was charged with: (1) submitting late monthly reports; (2) failure to pay his costs of supervision; and (3) failing to live and remain at liberty *269 without violating any law by having committed the offenses of (a) burglary of a conveyance; (b) grand theft; (c) possession of burglary tools; and (d) possession of marijuana. After a hearing, the trial court found that defendant had committed each of the violations charged and entered orders of revocation of probation. Collins was sentenced to five years imprisonment on the original burglary charge and two years on possession of cocaine, with the sentences to run consecutively.
Defendant admits that he did not file timely monthly reports; yet, because he views this as a technical violation of probation, he contends that it is unclear whether the trial court would have revoked probation solely on that ground. He submits that we should remand his ease to afford the trial court an opportunity to determine if his probation would have been revoked solely on that ground. See Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). However, we find no reason to do that, because we conclude there was sufficient evidence that defendant violated some substantive conditions of his probation, and accordingly, we affirm the orders of revocation of probation.
While recognizing the relaxed standards of proof and the informal nature of a revocation hearing, Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977), the state nevertheless concedes that the evidence was insufficient to show that defendant failed to pay his supervision costs and committed the offense of grand theft and possession of burglary tools. Therefore, those findings must be stricken from the orders of revocation of probation. Additionally, the finding of possession of marijuana was improper inasmuch as the trial court had already directed that charge to be stricken from the warrant.
We conclude there was sufficient evidence before the court that defendant committed the offense of burglary of a conveyance. There was also sufficient evidence that defendant was guilty of petit theft, and, while the finding of grand theft was improper because the state did not prove the value of the property stolen, that does not preclude a finding of petit theft. See Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982).
We have considered defendant’s other point on appeal and find it to be without merit.
Accordingly, we strike the court’s findings concerning defendant’s failure to pay costs, possession of burglary tools, and possession of marijuana. We amend the finding that defendant committed grand theft to read that he committed petit theft. We otherwise affirm the orders of revocation of probation.
DANAHY and SCHOONOVER, JJ., concur.