509 So.2d 919 (1987)
Ronald J. FLOYD, Petitioner,
v.
PAROLE AND PROBATION COMMISSION, et al., Respondents.
No. 68878.
Supreme Court of Florida.
June 25, 1987.
Michael E. Allen, Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Kurt E. Ahrendt, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for respondents.
GRIMES, Justice.
On petition for writ of habeas corpus, we consider the question of whether counsel should be furnished to indigent defendants in all parole revocation proceedings. We have jurisdiction under article V, section 3(b)(9), Florida Constitution.
*920 Petitioner was convicted of armed robbery in 1974 and sentenced to prison for ninety-nine years. He was released on parole in 1981 to remain under supervision for twenty years. In 1985, he was charged with violating his parole. Following preliminary and final revocation hearings, the Florida Parole and Probation Commission revoked his parole for failing to make the required monthly reports and for failing to pay the costs of supervision.
Petitioner asserts that although he was indigent, the Commission refused his request for the appointment of a lawyer to represent him at the preliminary and final revocation hearings. The record reflects that the Commission determined pursuant to Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), that petitioner was not entitled to be furnished counsel because he admitted the charges, and he was sufficiently capable of speaking for himself on any matters which might justify or mitigate the violations in this uncomplicated case.
In Gagnon the United States Supreme Court held that a state is not under a constitutional duty to provide counsel for indigents in all probation or parole revocation proceedings, but the right to counsel should be determined on a case-by-case basis. However, in State v. Hicks, 478 So.2d 22 (Fla. 1985), this Court went beyond Gagnon and held that the State of Florida must furnish counsel to all persons charged with probation violations. The petitioner now asks us to extend this rule to parole revocation proceedings.
The petitioner points to a number of procedural and substantive similarities in probation revocations and parole revocations. He argues that a uniform rule in all parole revocation proceedings would be more easily understood and result in a fairer application. He also argues that the providing of counsel would better protect the basic rights of parolees.
While we acknowledge the merit in these arguments, we conclude that if counsel is to be furnished in all parole revocation proceedings, this decision should be made by the legislature. Revocation of parole is not part of a criminal prosecution, and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). While there are similarities in probation and parole, there are also some significant differences.
Probation is under the jurisdiction of the courts, and it was in the exercise of our authority over the court system that we determined in Hicks that counsel must be furnished in all probation revocation hearings. Parole is administered by the Commission. Moreover, parole revocation proceedings are conducted by nonlawyers. Requiring that counsel be furnished in every case would inevitably lead to the use of counsel by the state. As noted in Gagnon, the decision-making process would be prolonged and the financial cost to the state would be substantial. Finally, unlike probation revocation, parole revocation does not lead to a sentencing hearing which necessarily requires the appointment of counsel.
Since the Commission properly followed the dictates of Gagnon in determining that petitioner was not entitled to counsel in the subject parole revocation proceedings, we deny the petition for habeas corpus.[*]
It is so ordered.
McDONALD, C.J., and OVERTON and EHRLICH, JJ., concur.
BARKETT, J., dissents with an opinion.
KOGAN, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
BARKETT, Justice, dissenting.
Petitioner argues that he is entitled to counsel under this Court's decision in State v. Hicks, 478 So.2d 22 (Fla. 1985). I think *921 he is correct. Despite the majority's attempt to "distinguish" Hicks by noting the differences between parole and probation revocations, it totally fails to recognize the only basis for the decision in Hicks:
We note at the outset that there is no constitutional requirement for the appointment of counsel in all probation revocation hearings... . We predicate our decision here on the ground that a uniform rule in all probation revocation hearings is more easily understood and easier to administer than requiring attorneys in some cases but not in others.... Judge Downey, writing for the district court, has cogently stated reasons to adopt the ruling we make. We doubt that we could improve upon his opinion and therefore adopt it as the opinion of this Court.

478 So.2d at 23-24 (emphasis supplied).
The conclusion compelled by the rationale in Hicks is equally compelled by parole revocation hearings. There is no question that parolees are constitutionally entitled to counsel in some cases:
It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.
Gagnon v. Scarpelli, 411 U.S. 778, 790-91, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656 (1973).
Moreover, the state concedes that a substantial number of parole revocation proceedings are based on alleged commissions of new criminal offenses wherein counsel must be provided. As in Hicks, the inherent fairness and equality of a uniform rule is far preferable to the difficulties of indefinite standards. Even the federal government has recognized the difficulty in attempting to apply the standard established by Gagnon, and in response thereto Congress has provided for appointed counsel in all federal parole revocation hearings involving indigents. 18 U.S.C. § 4214.
Moreover, providing counsel would address the same constitutional concerns expressed by the opinion of the Fourth District in Hicks v. State, which this Court adopted:
We are particularly impressed with the problem of infringing on a probationer's protection against self-incrimination where, as below, a revocation hearing is conducted prior to the disposition of criminal charges forming the basis of the affidavit of violation. See State v. Heath, 343 So.2d 13 (Fla. 1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977).
452 So.2d 606, 608.
As Heath points out, there is a very fine line between a lawful assertion of a probationer's constitutional right to remain silent and an unlawful refusal to answer questions in accordance with the standard conditions of probation or parole. An uncounseled parolee's inability to recognize this fine line will inevitably lead to difficult and perhaps unfair results. Saying too little might result in a violation of parole or probation and saying too much could well result in forfeiture of rights under the fifth amendment. The same concerns exist with reference to the parolee's right to counsel under the sixth amendment and under Florida *922 Rule of Criminal Procedure 3.111(a), as well as possible difficulties pertaining to a parolee's fourth amendment right of freedom from unlawful searches and seizures. (Evidence of unlawful searches and seizures is inadmissible in revocation hearings. State v. Cross, 487 So.2d 1056 (Fla.), cert. dismissed, ___ U.S. ___, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986); State v. Dodd, 419 So.2d 333 (Fla. 1982); and Kinsler v. State, 360 So.2d 24 (Fla. 2d DCA 1978).)
Indeed, there is a greater need to assure counsel to safeguard these constitutional protections because parole revocation proceedings are conducted by a commission representative who is not an attorney in both the preliminary hearing, see Fla. Admin. Code Rule 23-21.22(7), and the final revocation hearing, see § 947.23, Fla. Stat. (1985).
In conclusion, for the foregoing reasons and because parole and probation revocation proceedings are so similar as to be "constitutionally indistinguishable"[*] for purposes of due process considerations, Gagnon, 411 U.S. at 782 n. 3, 93 S.Ct. at 1759 n. 3, I would require, unless there is conflict, that the public defender system furnish representation for indigent parolees at initial interview and preliminary and final parole revocation hearings.
KOGAN, Justice, dissenting.
In State v. Hicks, 478 So.2d 22 (Fla. 1985), we held that an indigent is entitled to have counsel appointed in probation revocation proceedings. The Court holds today that the same does not apply to parole revocation hearings. Part of the rationale for this holding is that the cost of supplying counsel to indigents, as well as the cost of having the state supply an attorney at these nonjudicial proceedings would be too great. It is from this holding that I dissent.
Admittedly, the cost of supplying indigents with representation is great. However, in parole revocation hearings, where a defendant can summarily be placed in prison in some cases for the rest of his life, such a cost is virtually inconsequential. When compared with such a dramatic deprivation of liberty, the financial burden appears nominal.
The majority distinguishes the Hicks case from the case at bar on the basis that probation revocation proceedings are under the jurisdiction of the court system while parole revocation proceedings are administered by the Florida Parole and Probation Commision. This distinction, according to the Court, renders the problem one that can only be addressed by the legislature. While I agree that the distinction between this case and Hicks is valid, I do not believe that the legislature is necessarily the only body able to deal with such a significant right as the right to counsel.
The nature of a parole revocation hearing is such that the presence of an attorney can mean the difference between life imprisonment or continued parole, and thus personal freedom is at issue. Certainly, those defendants who can afford representation at these proceedings do obtain such counsel. There is little doubt that defendants of means are then at a substantial advantage over indigent defendants. An attorney well versed in the conduct of a parole revocation hearing is in a far better position to see that his client's basic rights are protected than a defendant who is not represented.
As Justice Barkett correctly notes, the Parole Commission is made of up nonlawyers. The majority believes that this makes the proceedings less complicated, thus obviating the need for representation. I believe, however, that the fact that the Commission consists of nonlawyers magnifies the need for representation of indigents. Commission members are not as aware of a defendant's basic rights to the same degree they would be if they were attorneys. Thus, the Commission as it now stands is not in the best position for protecting *923 those basic rights. The presence of attorneys representing indigent defendants would help insure that at least basic rights of the defendant are protected before parole is summarily revoked, and the defendant is returned to prison.
I recognize that the United States Supreme Court has held that the United States Constitution does not require indigent defendants to be represented at parole revocation hearings, Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). This does not preclude the State of Florida from imposing such a requirement. I believe that the divergent treatment between that of indigent defendants and defendants who can afford representation requires the state to provide attorneys to indigent defendants at parole revocation hearings. While I agree with the rationale adopted by the majority, that this would inevitably lead to use of counsel by the state, the purpose of representation at hearings is not to gain some strategic edge over the state. It is merely to insure that the basic rights of the defendant are protected. For this, it is not necessary for the state to provide opposing counsel.
The financial cost to the state would admittedly be substantial. However, the deprivation of the right to counsel is a cost far more substantial, and one that this state cannot afford to bear. For these reasons, I respectfully dissent from the majority opinion.
SHAW and BARKETT, JJ., concur.
NOTES
[*] We wish to recognize the excellent services rendered by Michael E. Allen, Public Defender of the Second Judicial Circuit, who this Court appointed to represent petitioner in this proceeding.
[*] The issues to be resolved at each are virtually identical, that is, issues pertaining to technical violations, such as change of residence without advising supervisors, failure to submit monthly reports, wilfully failing to pay costs of supervision, or issues pertaining to substantive violations such as committing a crime while on probation or parole.