605 So.2d 562 (1992)
Gregory REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02069.
District Court of Appeal of Florida, Second District.
September 23, 1992.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ronald Napolitano, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Chief Judge.
Defendant appeals from the departure sentence imposed upon the revocation of *563 his probation. We reverse and remand for resentencing.
Defendant was originally placed on community control as a youthful offender pursuant to a plea agreement after he had pleaded guilty to the offense of delivery of cocaine. At the time he committed that offense in March 1988, he was 17 years of age. He thereafter committed multiple violations of the terms of his required supervision (first the terms of his original community control and later the terms of other dispositions including probation) on six separate occasions. The last occasion was a March 1991 violation of probation which included the substantive offense of resisting arrest without violence, of which defendant was found guilty, as reflected in the revocation order. The departure sentence now being appealed is 15 years incarceration, which is an eight-cell bump-up from the recommended nonstate prison sanction disposition in the first cell. (His original community control pursuant to the plea had been a one-cell departure.)
Both defendant and the state agree that the 15-year departure sentence went too far. See Williams v. State, 594 So.2d 273 (Fla. 1992). The bone of contention is whether, as the state argues, a bump-up is permissible for each of defendant's six violations, which would put him in the seven to nine years range, or whether, as defendant argues, the general six-year cap on youthful offender sentences applies under section 958.04(2)(a), Florida Statutes (1987). The parties appear to agree that resolution of this dispute boils down to the question of whether the amended version of section 958.14, effective October 1, 1990 (see chapter 90-208, sections 19 and 22, Laws of Florida), applies to defendant.
The amended version of section 958.14 operates to subject a youthful offender to the general provisions of section 948.06(1) beyond the normal six-year cap for such an offender when the offender commits a substantive violation of probation or community control. In this case, there is no dispute that defendant's having resisted arrest without violence constituted such a substantive violation. There is also no dispute that section 958.14 as amended was in effect at the time defendant committed the substantive violation in March 1991, a fact upon which the state relies in its argument that the six-year cap may be exceeded.
However, as defendant points out, section 958.14 was amended well after defendant had committed the offense of delivery of cocaine in March 1988. Since defendant was being sentenced for a crime he committed in 1988, we conclude that application of a statute amended in 1990 which clearly serves to increase the length of incarceration to which he could be subject would constitute an impermissible ex post facto law under both the Florida and United States Constitution. See, e.g., Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Swinson v. State, 588 So.2d 296 (Fla. 5th DCA 1991). Therefore, the sentence may not exceed the foregoing six-year cap.
Reversed and remanded for resentencing.
PATTERSON and ALTENBERND, JJ., concur.