641 So.2d 431 (1994)
Samuel William DARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01103.
District Court of Appeal of Florida, Second District.
August 3, 1994.
Rehearing Denied August 29, 1994.
PER CURIAM.
Samuel William Darden appeals the denial of his motion to correct illegal sentence. We reverse.
In 1988 Darden was adjudged a youthful offender and received two concurrent four-year prison sentences to be followed by two years of community control. Darden violated his community control in 1990, and was sentenced to two years' imprisonment on each count, stacked consecutively to each other.
Of the several grounds raised in Darden's motion, only one merits discussion. Darden alleges that the consecutive two-year sentences imposed for his violation of community control constituted illegal sentences because they exceeded the six-year limitation placed on youthful offender sentences by section 958.14, Florida Statutes (1987). In denying Darden's motion, the trial court determined that Darden's sentence did not exceed the six-year limitation on youthful offender sentences, relying on Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA), approved, 558 So.2d 1001 (Fla. 1990).
We agree with the appellant that the sentences in question are illegal. In State v. Watts, 558 So.2d 994 (Fla. 1990), the court established the principle that there is a six-year limitation on the sentence of imprisonment which can be imposed on the revocation of a youthful offender's probation or community *432 control. Under the holding in Allen v. State, 526 So.2d 69 (Fla. 1988), the court rejected the argument that a youth sentenced for multiple felonies could have his sentences stacked consecutively where the total commitment exceeded the six-year limitation imposed by the Youthful Offender Act, stating "[h]ence, imposition of consecutive sentences resulting in a total commitment of more than six years would thwart the purpose of the Act." Id. at 70.
Section 958.14 of the Florida Statutes (Supp. 1990), as amended, effective October 1, 1990, operates to subject a youthful offender to the provisions of section 948.06(1), Florida Statutes, beyond the six-year cap of community control or probation. However, application of the statute as amended after Darden's offense in 1988, would constitute an impermissible ex post facto law under both the Florida and United States Constitutions. Reeves v. State, 605 So.2d 562 (Fla. 2d DCA 1992). Therefore, Darden must be resentenced within the limitations of the Youthful Offender Act at the time of his original offense.
Accordingly, we reverse and remand for resentencing.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and FULMER, JJ., concur.