678 So.2d 934 (1996)
Wallace JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1785.
District Court of Appeal of Florida, Third District.
September 4, 1996.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
PER CURIAM.
The appellant filed a direct appeal of his seventeen year sentence imposed upon revocation of his probation. He contended that because he was originally sentenced as a youthful offender, he was subject to a maximum sentence of six years, with credit for time served. The State filed a confession of error based upon the case of State v. Arnette, 604 So.2d 482 (Fla.1992). This Court recognized the confession and entered an opinion which reversed the sentence and ordered that the matter be returned to the trial court for appropriate resentencing pursuant to section 958.14, Florida Statutes (1993).
Subsequent to the issuance of the mandate, the state filed a motion to recall mandate and for rehearing, asserting that its previous confession of error was itself erroneous. It had failed to realize that the holding of Arnette was based upon the pre-1990 version of section 958.14. Under amended section 958.14, a youthful offender can be *935 sentenced in excess of six years after revocation of probation if the violation was substantive rather than technical. See § 958.14, Fla. Stat. (1995); Dunbar v. State, 664 So.2d 1093 (Fla. 2d DCA 1995); Darden v. State, 641 So.2d 431 (Fla. 2d DCA 1994); Reeves v. State, 605 So.2d 562 (Fla. 2d DCA 1992).
We recalled the mandate and accepted the motion for rehearing as timely filed and received no response from the defendant. After a careful review of the record, we find the state's contentions to be correct and therefore recall our prior opinion.
The defendant was originally sentenced in 1993, when the amended version of section 958.14 was in effect. His probation was revoked in 1995 based upon new substantive offenses of grand theft of an automobile, burglary, possession of burglary tools and resisting arrest without violence, in addition to several technical violations of probation. Since there is no question that the defendant was found to have committed several substantive offenses, he is not subject to the six year cap on resentencing upon revocation of probation. The evidence of the subsequent substantive violations is amply supported by the record in this case so there is no need to remand for resentencing. See Collins v. State, 446 So.2d 268 (Fla. 2d DCA 1984); Terry v. State, 406 So.2d 121 (Fla. 2d DCA 1981). Therefore, the defendant's seventeen year sentence is affirmed.
Affirmed.