692 So.2d 277 (1997)
Terrance HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1403.
District Court of Appeal of Florida, Fifth District.
April 25, 1997.
*278 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Terrance D. Hill appeals the sentence imposed following a probation violation. In 1992, Hill pled nolo contendere to third degree murder with a firearm and was sentenced as a youthful offender to a negotiated four year term of imprisonment followed by two years probation. He violated his probation by driving with a suspended license and by failing to pay the monthly costs of supervision. As a result, the trial court sentenced Hill to seventeen years imprisonment, suspended upon successful completion of three years supervised probation. Hill argues that because he was originally sentenced as a youthful offender, his sentence could not exceed six years.[1] However, section 958.14, Florida Statutes (1991), permits sentences in excess of the six-year cap for youthful offenders who commit substantive violations of probation.[2] Moreover, this provision was in effect in 1992 when Hill committed the underlying offense and thus, is not an impermissible ex post facto law, as Hill suggests. Cf. Reeves v. State, 605 So.2d 562 (Fla. 2d DCA 1992).
AFFIRMED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] § 958.04(2)(c), Fla. Stat. (1991).
[2] Section 958.14, Florida Statutes (1991), provides, in pertinent part:

A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he was found guilty....