PER CURIAM.
Robert Johnson appeals the sentence entered upon revocation of a term of community control imposed as part of a youthful offender sentence. Due to a scrivener’s error the sentence is illegal and must be corrected. Further, the written sentences imposed do not comport with the oral pronouncement at sentencing.
Originally, Johnson was sentenced as a youthful offender to forty-eight months’ incarceration, followed by two years’ community control for the first-degree felony offense of burglary with a battery. Johnson successfully served the prison term, but entered into a plea agreement in which he admitted that he had technically violated the terms of his community control. He was sentenced on June 4,1998, to seventy-two months’ incarceration. Although the court orally announced that Johnson was to receive credit for the time he served in prison on the youthful offender sentence, the sentencing documents do not reflect this credit. On the same date, Johnson was sentenced to a term of ten years’ imprisonment for a new second-degree felony offense of burglary.
When a defendant has been declared to be a youthful offender, the sentence to be imposed, including incarceration and community control or probation, is limited to a term of six years. See § 958.04, Fla. Stat. (1995). When there has been only a technical violation of probation or community control by a youthful offender, he shall not be incarcerated for a period of more than six years or the maximum sentence for the offense, whichever is less, with credit for time served while incarcerated. See § 958.14, Fla. Stat. (1995).
Without the credit for time served on this youthful offender sentence as announced by the trial judge, the term of seventy-two months’ imprisonment in addition to the forty-eight months’ imprisonment already served exceeded the legal maximum of six years. This is an illegal sentence which constitutes fundamental error reviewable by this court without the requirement that the defendant have filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See Bain v. State, 730 So.2d 296, 305, 1999 WL 34708, *10 (Fla. 2d DCA 1999). The youthful offender sentence must be remanded for correction to include credit for time served.
*710 Additionally, the sentencing documents indicate that the ten-year sentence for burglary is to be served concurrently with the seventy-two month youthful offender sentence. However, at the sentencing hearing the court orally announced that the sentences were to run consecutively. Although this clerical error is not a fundamental error, this court has jurisdiction to correct the mistake because the oral/written discrepancy is intertwined with the illegal youthful offender sentence. See Denson v. State, 711 So.2d 1225, 1229 n. 11 (Fla. 2d DCA 1998).
Accordingly, the sentences are reversed and this matter is remanded for resentenc-ing as discussed in this opinion. Johnson need not be present for this resentencing. See Johnson v. State, 652 So.2d 430 (Fla. 2d DCA 1995). In all other respects the sentences are affirmed.
Affirmed in part, reversed and remanded with directions.
THREADGILL, A.C.J., and GREEN and SALCINES, JJ., Concur.