753 So.2d 650 (2000)
Carlos ESCUTARY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2579.
District Court of Appeal of Florida, Third District.
March 8, 2000.
Kenneth P. Speiller, Miami, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
SORONDO, J.
Carlos Escutary, defendant, appeals the denial of his Motion to Correct Illegal Sentence.
On November 10, 1994, the defendant entered a plea of guilty to charges of battery on a person 65 years of age or older (counts I and VI), kidnaping (count II), burglary with an assault (count V), and robbery (counts IV and VII) in circuit case number 94-14578, all alleged to have occurred on April 3, 1994, and to charges of burglary (count I), grand theft of a motor vehicle (count II), and criminal mischief (count III)(a misdemeanor), in case number 94-15561, occurring on March 11, 1994. *651 Pursuant to the plea agreement the trial court adjudicated the defendant in case number 94-14578, and sentenced him as a youthful offender to three years probation.
The defendant's probation was subsequently revoked for technical violations as well as new offenses committed by the defendant, specifically: armed robbery, impersonating an officer, possessing a stolen vehicle, fleeing a police officer and driving with a suspended driver's license.
The sentencing scoresheet prepared by the state showed a permissible sentencing guideline range of 9.5 to 15.9 years in state prison. The trial court sentenced the defendant to the top of the guidelines and imposed a sentence of 15.9 years on each and every count in both cases.
The defendant raises four claims of error. First, he claims that because he was originally sentenced as a youthful offender, the maximum sentence the trial court could impose at a probation revocation was one of six years in prison. This not correct. In Johnson v. State, 678 So.2d 934, 935 (Fla. 3d DCA 1996), this Court recognized that "under amended section 958.14, a youthful offender can be sentenced in excess of six years after a revocation of probation if the violation is substantive rather than technical." In the present case it is clear that the trial judge revoked the defendant's probation for both technical violations and the commission of new criminal offenses.[1]
Defendant's second claim of error is that the guideline scoresheet was erroneously calculated because it counted two rather than one count of burglary with an assault. The state concedes that this is correct but observes that the scoresheet also failed to include points for the two counts of robbery in case number 94-14578. The correct calculations recommended a sentence between 9.8 and 16.4 years in prison. It is clear from this record that the trial judge intended to sentence the defendant to the maximum sentence allowable under the guidelines. Because the error inured to the defendant's benefit, we find that the error was harmless. Cf. Ruland v. State, 614 So.2d 537 (Fla. 3d DCA 1993); Brown v. State, 611 So.2d 540 (Fla. 3d DCA 1992).
Defendant's third claim of error is that his sentence of 15.9 years in the state prison is illegal in that it exceeds the statutory maximum on six of the eight counts on which he was convicted. We reject the state's confession of error on this issue. The defendant was charged with crimes committed on March 11, 1994 and April 3, 1994. In Mays v. State, 717 So.2d 515, 516 (Fla.1998), the Florida Supreme Court said:
The interplay between the sentencing guidelines and the statutory maximums is simple. Prior to 1994, a court could not impose a guidelines sentence outside the statutory limits. The legislature, however, amended the guidelines, effective January 1, 1994, to provide that only departure sentences cannot exceed the statutory maximums. The guidelines currently provide:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.

§ 921.001(5), Fla. Stat. (1995). Thus, under the current system, if the guidelines sentencei.e., the "true" recommended guidelines sentenceexceeds the statutory maximum, the guidelines sentence must be imposed.
(footnotes omitted)(emphasis added); Fance v. State, 645 So.2d 188 (Fla. 3d DCA *652 1994). Accordingly, although the sentences imposed on the defendant in the present case exceeded the statutory maximum, they were not illegal because they fell within the recommended sentencing guidelines.
We find no merit in the defendant's final claim of error.
Affirmed.
NOTES
[1] Defendant subsequently pled guilty to these substantive offenses.