PER CURIAM.
Victor Manuel Quiles appeals the trial court’s order summarily denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
Quiles was originally sentenced to community control and probation as a youthful offender on charges of a lewd and lascivious act in the presence of a child and leaving the scene of an accident with injury. Upon violating his supervision with technical violations, the trial court sentenced Quiles to six years’ incarceration.
Section 958.14, Florida Statutes (1995), provides that “no youthful offender shall be [incarcerated]... for a technical. . .violation for a period longer that 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.” Thus, imposition of the six-year salutory maximum is authorized for Quiles’ conviction of a lewd and lascivious act in the presence of a child, a second-degree felony punishable by a maximum term of fifteen years’ incarceration. See § 800.04, Fla. Stat. (1995); § 775.082(3)(c), Fla. Stat. (1995). As to this conviction, the trial court’s order is affirmed.
However, a sentence of six years’ incarceration as a youthful offender upon a technical violation of probation or community control for a conviction of leaving the scene of an accident with injury, a third-degree felony punishable by a maximum of five years’ incarceration, is illegal. See § 316.027(l)(a), Fla. Stat. (1995); § 775.082(3)(d), Fla. Stat. (1995); Johnson v. State, 726 So.2d 359 (Fla. 1st DCA 1999). Accordingly, as to this conviction, the trial court’s order is reversed and remanded for resentencing. In all other respects, Quiles’ sentences are affirmed.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and FULMER and CASANUEVA, JJ., Concur.