789 So.2d 982 (2001)
STATE of Florida, Petitioner,
v.
Timothy MEEKS, Respondent.
No. SC00-799.
Supreme Court of Florida.
July 12, 2001.
*983 Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Respondent.
LEWIS, J.
We have for review Meeks v. State, 754 So.2d 101 (Fla. 1st DCA 2000), wherein the district court of appeal certified the following question as being one of great public importance:
CAN A CIRCUIT COURT RE-SENTENCE A YOUTHFUL OFFENDER FOR A SUBSTANTIVE VIOLATION UNDER SECTION 958.14, FLORIDA STATUTES, WHEN THE ACTS UPON WHICH THE VIOLATION IS BASED DO NOT CONSTITUTE A SEPARATE CRIMINAL OFFENSE?
Id. at 104. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS
In 1992, Timothy Meeks entered a plea of nolo contendere to a charge of attempted armed robbery with a firearm in exchange for a youthful offender sentence of four years in prison, followed by two years of probation. Meeks served his prison term, and was placed on probation following his release. In September 1996, a probation violation affidavit was filed, alleging that Meeks had violated several conditions, including an arrest for trespass after warning. On November 7, 1996, Meeks admitted the probation violation pursuant to a plea agreement with the State. The trial court revoked his probation, and sentenced him to two years of community control. In January 1997, a violation report was filed alleging that Meeks violated community control by failing to remain confined to his residence on four occasions.[1] During a May 1997 hearing, *984 Meeks was found guilty of the alleged violation. The judge revoked Meeks' community control and resentenced him to ten years in prison.
Meeks appealed his sentence, arguing that it violated the statutory limit for youthful offender sentences because it exceeded the six-year maximum which could be imposed for technical violations pursuant to section 958.14, Florida Statutes (1995). The First District Court of Appeal agreed that failing to remain in his home was a "technical" and not a "substantive" violation of community control, as those terms are used in the statute. See Meeks, 754 So.2d at 104. Accordingly, the court remanded for resentencing. It nevertheless certified the previously quoted question as one of great public importance. For purposes of clarifying the scope of our opinion, we rephrase the question to read as follows:
WHAT CONSTITUTES A "SUBSTANTIVE VIOLATION" OF PROBATION/COMMUNITY CONTROL AS THE TERMS ARE USED IN SECTION 958.14, FLORIDA STATUTES (1995)?

ANALYSIS
Section 958.14, Florida Statutes, addresses the sanctions which may be imposed upon a youthful offender who violates probation or community control and provides in pertinent part:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the [D]epartment [of Corrections] for a substantive violation for a period longer than the maximum sentence of the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Fla. Stat. (1995)(emphasis supplied).
As previously noted, the district court below concluded that a substantive violation "require[s] more than a mere breach of a condition of probation or community control, which is a by-product of the original offense. A separate act that constitutes a violation becomes a substantive one when it involves the commission of a separate criminal offense." Meeks, 754 So.2d at 103. The State, conversely, echoes the dissent below by suggesting that although commission of a new criminal offense would be a substantive violation of probation/community control, the category of violations which are "substantive" is not strictly limited to the commission of new criminal offenses. Specifically, the dissent below notes that because "confinement of the community controllee to his or her residence is the very essence of community control status," failure to remain so confined cannot constitute a "technical" violation. See id. at 106 (Miner, J., dissenting).
Numerous Florida cases have recognized the distinction between substantive versus technical/nonsubstantive violations set forth in the statute at issue here. See, e.g., Wilkey v. State, 712 So.2d 847 (Fla. 4th DCA 1998) (remanding for an evidentiary hearing in a postconviction proceeding *985 where youthful offender challenged length of sentence imposed after probation violation because record did not reveal whether violation was substantive or technical); see also Quiles v. State, 777 So.2d 992 (Fla. 2d DCA 2000); Escutary v. State, 753 So.2d 650 (Fla. 3d DCA 2000); Johnson v. State, 736 So.2d 708 (Fla. 2d DCA 1999); Robinson v. State, 702 So.2d 1346 (Fla. 5th DCA 1997); Hill v. State, 692 So.2d 277 (Fla. 5th DCA 1997); Johnson v. State, 678 So.2d 934 (Fla. 3d DCA 1996); Dunbar v. State, 664 So.2d 1093 (Fla. 2d DCA 1995); Reeves v. State, 605 So.2d 562 (Fla. 2d DCA 1992). While no Florida decision until Meeks had undertaken the task of specifically defining "substantive" or "technical/nonsubstantive," we do gain some insight through an analysis of how specific violations have been classified by various courts.
In so doing, one observation is obvious: violations which are based on the commission of a new criminal offense are consistently classified as "substantive" violations. See, e.g., Escutary, 753 So.2d at 651 (holding that youthful offender could be sentenced in excess of six year cap where probation violation was substantive in that he committed several criminal offenses); Robinson, 702 So.2d at 1347 ("Committing a new criminal offense is a substantive violation of probation."); Hill, 692 So.2d at 278 (finding that a youthful offender who drove with a suspended license could be sentenced to more than six years because his violation of probation was substantive); Johnson, 678 So.2d at 935 (concluding that a youthful offender found guilty of grand theft, burglary, possession of burglary tools and resisting arrest had committed a substantive violation of his probation which authorized the court to sentence him beyond the six year cap); Reeves, 605 So.2d at 563 ("In this case, there is no dispute that defendant's having resisted arrest without violence constituted such a substantive violation."). The cases do not mention, however, whether the "substantive" classification is exclusively comprised of violations premised on the commission of a new criminal offense. That is, while it is clear that a defendant who violates probation by committing a new offense is deemed to have committed a substantive violation, it is not clear that a transgression other than the commission of a new criminal act must also be classified as a "substantive" violation.
With respect to technical violations, the category has been held to encompass several transgressions. For example, in Dunbar, the court held that a youthful offender who failed to pay the costs of supervision, failed to report, and neglected to seek a GED had committed technical violations which subjected him to a maximum sentence of six years. See 664 So.2d at 1094. Similarly, in Dunsford v. State, 757 So.2d 580, 580 (Fla. 1st DCA 2000), the district court determined that a failure to timely file an accurate monthly report and to notify a probation officer of a change of residence were technical violations. See also Dixon v. State, 546 So.2d 1194, 1195 (Fla. 3d DCA 1989) (analyzing pre 1990 version of the statute, which did not include the distinction of substantive versus technical violations, but nevertheless making a distinction by classifying failure to report to probation officer as a technical violation and armed robbery charges as substantive violations).
Some insight may also be gained from other cases which, although not necessarily dealing with the youthful offender scheme, have undertaken to make a distinction between technical and nonsubstantive violations.[2] For instance, in Floyd v. Parole & *986 Probation Commission, 509 So.2d 919, 922 n. 1 (Fla.1987), Justice Barkett, in the course of a dissent,[3] noted a distinction between substantive and technical violations. Specifically, she suggested that technical violations would include: change of residence without advising supervisors, failure to submit monthly reports, and willfully failing to pay costs of supervision. See id. However, she indicated only the commission of a separate crime while on probation or parole as a substantive violation. See id. Similarly, in Berry v. State, 484 So.2d 86, 87 (Fla. 2d DCA 1986), the district court reasoned: "The technical violations consisted of defendant's alleged failure to file truthful, written monthly reports, failure to pay various supervision and court costs, and his change of residence without notifying his probation officer. The substantive violations consisted of his alleged commission of four robberies and two attempted first-degree murders."
It should also be noted that since the issuance of Meeks by the First District, the Second District Court of Appeal, in Swilley v. State, 781 So.2d 458 (Fla. 2d DCA 2001), has cited to Meeks with approval, at least in dicta. Specifically, Swilley notes that other district courts have only included separate criminal offenses under the category of substantive violations, as used in the Youthful Offender Act. See id. at 460 (citing Meeks, 754 So.2d at 103 (1st DCA); Robinson, 702 So.2d at 1347 (5th DCA); Johnson, 678 So.2d at 934 (3d DCA)). Swilley also relied on Meeks for the proposition that a "technical violation is a violation of a rule of probation." 781 So.2d at 460.
With only that general background available, we turn to the specific situation in this case. Once he was placed on community control, Meeks was under the following condition, among others:
(11) You will remain confined in your approved residence except for one half-hour before and after your approved employment, public service work or any other special activities approved by your Community Control Officer.
Judgement of Guilt and Order Placing Defendant in Community Control, Record at 31. The violation report filed by his community control officer alleged that Meeks violated this condition by failing to remain confined to his residence on four occasions.
In addressing the pertinent issue in this case we must consider the nature and concept of community control. Community control is defined as "a form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads. Community control is an individualized program in which the freedom of an offender is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced." § 948.001(2), Fla. Stat. (1995). Mindful of this definition, we agree with both the State and the dissent below that remaining in one's residence during the specified times is indeed a vital component of a community control program.[4] However, our inquiry must not end there.
*987 The State urges that we consider Allen v. State, 666 So.2d 259, 260 (Fla. 4th DCA 1996), where the district court determined that failure to remain confined within the approved residence did not constitute a technical violation of community control, but that it amounted to willful and substantial violation of community control. See also Lopez v. State, 722 So.2d 936, 937 (Fla. 4th DCA 1998)( "Absence from the home without permission supports a finding of a willful and substantial violation of community control."); Davis v. State, 704 So.2d 681, 683 (Fla. 1st DCA 1997)(holding that defendant who failed to remain confined in his approved residence during the specified hours had committed a willful and substantial violation of community control). In that case, Allen failed to remain in his home during the specified times after he had been admonished by his probation officer, after the first time he failed to do so, that if he violated the terms again the officer would report the violation. Allen failed to comply, the officer filed the report, and as already noted, the court found the violation to be willful and substantial. However, in Allen, the court was not seeking to make a determination as to whether a violation was substantive or technical, but was instead attempting to determine whether Allen's violation was substantial. This determination was necessary because to revoke probation or community control, a violation must always be determined to have been willful and substantial. See generally Thomas v. State, 760 So.2d 1138 (Fla. 5th DCA 2000); McCray v. State, 754 So.2d 776 (Fla. 3d DCA 2000); Inman v. State, 684 So.2d 899 (Fla. 2d DCA 1996); Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993).
By placing reliance on Allen, the State is attempting to equate the term "substantial" with "substantive," as used in section 958.14. However, because a violation must always be willful and substantial to produce a revocation, the Legislature must have meant and intended something other than "substantial" by its use of the word "substantive." Specifically, the concept of a "willful and substantial" violation refers to the quality of the violation, whereas the terms "substantive" or "technical" logically refer to the type of violation-a nuance only present within the youthful offender scheme.
In an effort to determine what is encompassed by the term "substantive violation," we find it helpful to examine the plain and ordinary meaning of that phrase. See State v. Hagan, 387 So.2d 943, 945 (Fla. 1980)("In the absence of statutory definition, resort may be had to case law or related statutory provisions which define the term, and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense."), cited with approval in State v. Mitro, 700 So.2d 643, 645 (Fla. 1997). In this respect, the court below noted:

*988 "Substantive" is defined as "being a totally independent entity." Merriam-Webster's Collegiate Dictionary 1174 (10th ed.1998). "Substantive offense" is also defined as "one which is complete of itself and not dependent upon another." Black's Law Dictionary 1429 (6th ed.1990); see also State v. Lamar, 659 So.2d 262 (Fla.1995).
In view of these definitions, the normal usage of the phrase "substantive violation" implies a circumstance that is unrelated and disassociated from another circumstance. When this concept is applied to criminal conduct it implies two separate and distinct criminal offenses. Accordingly, when the legislature used the terms "substantive violation," we conclude its intent was to require more than a mere breach of a condition of probation or community control, which is a by-product of the original offense. A separate act that constitutes a violation becomes a substantive one when it involves the commission of a separate criminal offense.
Meeks, 754 So.2d at 103.
Although the dissent below is not without some logic, we are persuaded by the reasoning of the majority below. First, it is consistent with decisions from other Florida district courts, which have only classified new criminal offenses as "substantive violations." Further, concluding that only additional criminal offenses constitute substantive violations for purposes of section 958.14 also provides a clear line of demarcation which may be efficiently and uniformly applied by trial courts considering this issue. More importantly, however, such an interpretation would likely further the Legislature's intent. Particularly, the legislative history of section 958.14 demonstrates that the Legislature has had some struggle with the appropriate sanction for a youthful offender who violates probation. Prior to 1985, section 958.14 did not specifically delineate a permissible sanction that could be imposed on a youthful offender who violated community control, other than to note, by reference to section 948.06(1), that upon revocation of community control, a trial court could impose any sentence which it might have originally imposed.[5]See also Brooks v. State, 478 So.2d 1052 (Fla.1985). In 1985, the statute was amended to include language which indicated that the maximum sanction for a youthful offender who violated community control/probation was six years or the maximum term authorized for the offense for which he or she was found guilty, whichever was less.[6]See also State v. Watts, 558 So.2d 994 (Fla.1990). Section 958.14 was again amended in 1990, and it was at this time that language was included to provide different sanctions depending on whether the violation was substantive (i.e., youthful offender could be sentenced for a length of time to not exceed the maximum sentence for the offense for which he or she was found guilty) or technical/nonsubstantive (i.e., youthful offender could be sentenced for a length of time to not exceed six years or the maximum sentence for which he or she was *989 found guilty, whichever is less).[7] It is this version of the statute which is at issue in this case. Our analysis of the three versions of section 958.14 clearly reveals that the applicable version of section 958.14 is a blending of the pre-1985 version of the statutewhich allowed a trial court to sentence the defendant to any sentence which could have been originally imposedand the pre-1990 versionwhich imposed a six-year cap irrespective of the violation. With that in mind, we conclude that in this last version of the statute the Legislature would require a more serious transgression (i.e., the commission of a separate criminal offense) before someone originally sentenced as a youthful offender becomes subject to being sentenced to the maximum authorized penalty for the offense for which he or she was found guilty.
Accordingly, we conclude that a "substantive violation," as the phrase is used in section 958.14, refers exclusively to a violation premised on the commission of a separate criminal act. Thus, we approve the decision below to the extent that it holds that only the commission of a separate criminal offense constitutes a "substantive violation" under the statute.
It is so ordered.
SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion, in which WELLS, C.J., concurs.
QUINCE, J., dissenting.
I dissent from the majority's determination that only a new criminal offense qualifies as a substantive violation of probation or community control under section 958.14, Florida Statutes. I would adopt Judge Miner's dissent in this case, which provides in pertinent part:
Perhaps the most troubling aspect of the majority opinion is the holding that only the commission of a new criminal offense by a youthful offender on community control amounts to a "substantive" violation thereof and that the conditions of community control are but "technical" in nature, the violation of which cannot form the basis for revocation of community control status. To be sure, commission of a new criminal offense while on either probation or community control is a "substantive" violation thereof. However, confinement of the community controllee to his or her residence is the very essence of community control status. Thus, the failure of the community controllee to remain so confined surely cannot be characterized as a "technical" violation even if sentencing were to proceed under chapter 958.14. Were such the case, a youthful offender community controllee could abscond and remain at large, for, say, several months or even years without committing a new criminal offense, and under the majority holding he/she would only be guilty of a "technical" violation of that status. Thus, it seems to me that the majority opinion confuses the commission of a "substantive" criminal offense with a "substantive" violation of conditions of community control.
Meeks v. State, 754 So.2d 101, 106-07 (Fla. 1st DCA 2000) (Miner, J., dissenting) (footnote omitted). Had the Legislature intended only new criminal offenses to qualify as "substantive" violations of probation or community control, it could have easily done so in clear and unambiguous language.
Just as the condition of community control violated in this instance, remaining in *990 his designated residence during specific hours, is a core part of community control, there are also conditions of probation and/or community control that relate to the criminal offense for which the offender was given the privilege of probation or community control that are important, even vital, to the court-ordered supervision. For example, a defendant who has committed a sexual offense involving a child could be given probation or community control and as a special condition thereof is required to have little or no unsupervised contact with children. If the defendant violates that condition in a manner which falls short of a new criminal offense, I believe such a violation would be of grave importance considering the crime committed which brought the defendant under court supervision. I could not say under such a circumstance that the violation of that particular condition of supervision was merely "technical." However, the majority's ruling today would foreclose any other determination.
Based on the foregoing, I would quash the decision by the First District Court of Appeal.
WELLS, C.J., concurs.
NOTES
[1] According to the violation affidavit, violations occurred on the following days and at the following times: (1) 12/6/96, not at residence at 5:35 p.m.; (2) 12/15/96, not at residence at 7:58 a.m.; (3) 12/22/96, not at residence at 5:25 p.m.; and (4) 1/13/97, not at residence at 5:46 p.m. The record does not indicate whether the defendant was employed at the time, performing public service, or engaged in a previously approved activity, nor does it indicate his daily schedule; therefore, it is not clear to what extent the violation occurred (i.e., how late was he).
[2] To be sure, the distinction between substantive and technical/nonsubstantive violations is only present within the Youthful Offender Act.
[3] Justice Barkett's dissenting opinion in Floyd was entirely unrelated to violations of community control; rather the focus of her dissent was a difference of opinion with the majority as to whether indigent defendants were entitled to an appointed attorney during parole revocation proceedings.
[4] We note that the State filed a notice of supplemental authority directing our attention to Jones v. State, 678 So.2d 890 (Fla. 4th DCA 1996). The State's reliance on Jones is premised on a paragraph that reads in full: "As to the violation of probation, it is undisputed that appellant violated his curfew. Evidence of that substantive violation alone supplied a sufficient factual basis for revocation of probation." Id. at 893 (citation omitted). We, however, do not find Jones persuasive for two reasons. First, it is a non-youthful offender case where the court was not considering whether a violation was substantive versus technical. Second, when considered in context, the State's reliance on Jones is misplaced. Particularly, the defendant in Jones was appealing his convictions for burglary and petit theft, as well as his revocation of probation based on those two substantive offenses along with his failure to abide by the set curfew. The district court, after reversing the two substantive convictions, declined to disturb the revocation of probation, concluding that the trial court's decision to revoke could have been properly based solely on the failure to abide by the curfew. It is that proposition (i.e., that violation of curfew is sufficient to revoke probation), which is not at issue in this case, that Jones stands for. Thus, in our view, it does not truly enhance the State's position.
[5] See § 958.14, Fla. Stat. (1983) (pre-1985 version)(providing in full that "[a] violation or alleged violation of the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1).").
[6] A violation or alleged violation of the terms of a community control program shall subject the youthful offender of the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the [D]epartment [of Corrections] for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served.

§ 958.14, Fla. Stat. (1985)(pre-1990 version).
[7] Section 958.14 has not undergone serious, substantive amendments since 1990.