PER CURIAM.
Appellant’s sentence is not illegal because his total period of incarceration does not exceed the six-year maximum penalty under the youthful offender statute. See § 958.14, Fla. Stat. (1995); State v. Arnette, 604 So.2d 482, 484 (Fla.1992) (“[W]e conclude that, even though a youthful offender had been imprisoned for four years, the legislature always intended to authorize reimprisonment up to a total imprisonment of six years when community control is violated.”). Cf., e.g., Johnson v. State, 736 So.2d 708, 709 (Fla. 2d DCA 1999) (“Without the credit for time served on this youthful offender sentence as announced by the trial judge, the term of seventy-two months’ imprisonment in addition to the forty-eight months’ imprisonment already served exceeded the legal maximum of six years. This is an illegal sentence_”). In addition, the written sentencing orders in the record reflect jail credit for the number of days claimed by appellant in his pro se brief.
AFFIRMED.
ALLEN, C.J., ERVIN and KAHN, JJ„ concur.