871 So.2d 1003 (2004)
Adrian MIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5180.
District Court of Appeal of Florida, First District.
April 19, 2004.
Appellant, pro se.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct illegal sentence in which he alleged that the 80-month sentence he received upon *1004 violating probation following his successful completion of boot camp is illegal. Because the record conclusively establishes the facial sufficiency of the motion and the appellant's legal entitlement to relief, we reverse.
On October 14, 1999, the appellant was sentenced to 55 months' imprisonment for the offenses of aggravated battery with a firearm and possession of a firearm by a minor. The court did not explicitly sentence him as a youthful offender but recommended that he be sent to a facility for youthful offenders. While incarcerated, the Department of Corrections ("DOC") recommended and accepted the appellant into the boot camp program. After the appellant successfully completed the program, DOC filed a motion to modify the appellant's sentence pursuant to section 958.045, Florida Statutes (1999), and his sentence was modified from 55 months' imprisonment to 4 years' probation. The appellant subsequently admitted to violating his probation, his supervision was revoked, and he was sentenced to 80 months' incarceration with credit for time served.
The appellant filed a motion to correct illegal sentence, alleging that upon his violation of probation, he could not be sentenced to a term of incarceration exceeding 364 days pursuant to sections 958.045(2)(b) and 958.045(5)(c), Florida Statutes (1999). See Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002); Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000). Although the trial court acknowledged the applicability of these authorities, the trial court reasoned that, pursuant to State v. Meeks, 789 So.2d 982 (Fla.2001), if an appellant commits a substantive violation of his probation, a trial court can revoke youthful offender status and sentence the appellant to the maximum sentence authorized for the offense of which he was found guilty. Meeks, however, is inapplicable to the current case because the appellant therein did not complete boot camp whereas the appellant in the instant case did. Upon violation of probation, Meeks was subject to resentencing pursuant to section 958.14, Florida Statutes, which is the general youthful offender law that the supreme court interpreted in Meeks. Here, however, the appellant completed boot camp, and therefore, upon his resentencing for violation of probation, he was subject to section 958.045(5)(c), which is a specific law pertaining to sentencing youthful offenders after boot camp completion. Well established principles of statutory construction require the specific statute to control over the general statute. See State v. J.M., 824 So.2d 105, 112 (Fla.2002). Therefore, the supreme court's interpretation of section 958.14 in Meeks is inapplicable to the appellant's present sentence.
We accordingly reverse the trial court's summary denial of the appellant's motion and remand for sentencing consistent with Bloodworth and Thomas.
REVERSED AND REMANDED.
ALLEN, PADOVANO and LEWIS, JJ., concur.