NOT DESIGNATED FOR PUBLICATION

No. 112,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER JONES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 13, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

LEBEN, J.: Christopher Jones received probation following his conviction for several drug-related crimes, including possession of methamphetamine. Jones violated several of his probation conditions. He failed to report to his probation officer, submit to drug testing, and refrain from using and possessing mood altering chemicals; he also was convicted of a new felony offense. The judge revoked Jones' probation and ordered him to serve his original underlying sentence of 33 months.

Jones appeals. But it's within the court's discretion whether to revoke probation once a violation has been established. On the facts of this case, we find no abuse of discretion in revoking Jones' probation.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury convicted Christopher Jones of possession of methamphetamine, possession of methamphetamine without a drug tax stamp, possession of marijuana, and possession of drug paraphernalia. Jones' presumptive guidelines sentence was a prison term, but the district court granted Jones a downward-dispositional departure and imposed 18 months of probation with an underlying prison sentence of 33 months to be served if Jones didn't successfully complete his probation.

Twice, the district court extended Jones' probation beyond its original term, so Jones' probation was set to end on February 27, 2015. On March 19, 2014, the State moved to revoke Jones' probation, and the State amended its motion on April 2, 2014, alleging additional violations. The violations included numerous instances of testing positive for methamphetamine and failing to report to his probation officer, as well as quitting his job and possessing methamphetamine.

In July 2014, Jones pled no contest to a new crime, possessing methamphetamine. Jones admitted that this new conviction violated his probation. The district court noted that it did not have to grant intermediate sanctions because Jones had committed a new felony, revoked Jones' probation, and imposed the original underlying sentence. Jones appealed to this court.

2

On appeal, Jones argues that the district court erred in revoking his probation based on conduct that occurred after his probation had ended. When Jones filed his brief in April 2015, the record on appeal supported his argument—his probation appeared to have ended on February 27, 2014, and the district court revoked his probation based in part on a March 21, 2014 conviction. But in July 2015, the State asked to add a document to the record on appeal (and Jones did not object). See Supreme Court Rule 3.02(d) (2014 Kan. Ct. R. Annot. 21) ("A party may request adding to the record on appeal any part of the entire record under Rule 3.01[a]."). This additional document—a request to modify probation, signed by Jones and approved by the district court in January 2014—shows that Jones' probation had been extended through February 27, 2015. So Jones' March 21, 2014 conviction occurred while he was still on probation, and his argument about post-probation conduct fails.

Even so, we must also consider whether the district court abused its discretion in revoking Jones' probation. The legal rules applicable to that question are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. As a general rule, once a violation has been established, the decision to revoke probation has traditionally been within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Unless the district court has made a legal or factual error, this court may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

The district court's discretion was limited by a 2013 statutory change. The new statute, found now at K.S.A. 2014 Supp. 22-3716(b) and (c), requires, with certain

exceptions, that the district court impose intermediate sanctions before ordering the defendant to serve the underlying sentence. See *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶¶ 3-4, 348 P.3d 997 (2015). One of these exceptions ties in to a longstanding distinction that probation officers, lawyers, and judges have made between technical and substantive probation violations: An act that violates probation conditions but isn't otherwise unlawful is a technical violation, while an act that violates probation conditions but is otherwise unlawful is a substantive violation. *State v. Brown*, 51 Kan. App. 2d ___, 357 P.3d 296, 300 (2015); see *State v. Meeks*, 789 So. 2d 982, 985 (Fla. 2001). In other words, if a defendant commits a new felony while on probation—a substantive violation—the district court has complete discretion to revoke probation without imposing intermediate sanctions. K.S.A. 2014 Supp. 22-3716(c)(8).

Here, Jones does not argue that he was entitled to intermediate sanctions, nor could he, because the district court revoked his probation based on a new felony conviction. As such, the district court had to exercise its discretion when deciding whether to revoke Jones' probation, and we find nothing unreasonable about its decision. Jones admitted that his new conviction violated his probation, a probation that had begun in November 2011 and already been extended twice. In that time, Jones had failed numerous drug tests and then was convicted of a second drug charge. It was reasonable for the district court to find that Jones was not amenable to probation and to revoke his probation.

We therefore affirm the district court's judgment.