# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-933

_____

TREMAINE JOHNSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Phillip A. Pena, Judge.

September 5, 2018

PER CURIAM.

Tremaine Johnson appeals the trial court's order revoking his probation and sentencing him to ten years in prison. We affirm.

In 2007, Johnson pleaded no contest to two counts of armed robbery and one count of aggravated assault with a firearm. He was sentenced to three years' prison for the assault charge and five years' probation for the robbery charges. Under the terms of his probation, Johnson was required to report each month to his probation officer. He was prohibited from possessing firearms and from violating the law. And he was prohibited from changing his residence or place of employment or leaving the county without his probation officer's permission. Also included in Johnson's order of supervision was an "other special conditions" section, in which

there was handwritten language stating: "after 2½ yrs [sic] and no violations probation may term[inate] early."

Johnson was released from prison and started his probation in 2009. Shortly thereafter he was authorized to transfer his probation to Georgia where his mother lived. He indicated on his probation paperwork that a friend's Georgia address would be his permanent residence. In January 2013, Johnson's Georgia probation officer tried to contact him but was unable to reach him at the phone numbers Johnson provided, at the address listed as his residence, or at his listed place of employment. The officer reported to Johnson's Florida probation officer that she could not find him. The Florida officer filed a Violation of Probation (VOP) affidavit alleging Johnson absconded, and an arrest warrant issued the next day.

In June 2013, Johnson was arrested in Michigan on federal firearm charges for which he served 39 months in prison. Later, on the day after the five-year probation period would have ended, the Florida probation officer filed an amended VOP affidavit alleging that (in addition to absconding) Johnson violated his probation by possessing a firearm, which was itself a violation and also constituted a separate violation of the requirement that Johnson live without committing additional crimes.

Johnson contends that we must reverse as to the absconding violation because of insufficient evidence. He argues that the State relied solely on hearsay evidence, which as a matter of law is insufficient. *See Channell v. State*, 200 So. 2d 247, 248-49 (Fla. 1st DCA 2016). But this record includes sufficient non-hearsay evidence to support the court's findings. First, the Georgia and Florida officers both provided non-hearsay testimony regarding their unsuccessful attempts to contact Johnson by phone and in person. *State v. Queior,* 191 So. 3d 388, 390-91 (Fla. 2016) ("A probation officer testifying at hearing, subject to cross-examination, to what he or she personally did and observed is classic non-hearsay testimony." (marks and citation omitted)). Second, the person Johnson reported he would be living with testified that Johnson would spend nights with his mother and his girlfriend. At one point, the witness said that Johnson "—you know, had a girlfriend, so he kind of, didn't come home." The same

witness also testified that Johnson changed jobs several times while on probation and that he moved to Michigan in 2013 to be with his girlfriend. This testimony corroborates any hearsay testimony the probation officers offered about Johnson's absconding.

Moreover, Johnson himself testified that he was aware of the terms and conditions of his probation and knew that he was required to secure his probation officer's permission before changing his employment or residence. He also testified that he left his job at Walmart in 2011 and started a new job at Atlanta Beverage Company without informing anyone. These admissions are sufficient to support the court's finding that Johnson absconded. *Cf. T.J.S. v. Miles*, 96 So. 3d 1104, 1106 (Fla. 2d DCA 2012) (holding that probationer absconded due to her "failure to advise . . . her probation officer of her whereabouts or well-being or to otherwise contact them").

Last, Johnson contended that because of the handwritten note on his paperwork, he thought his probation had ended early. Thus, he argued, any absconding was not willful. *See State v. Meeks*, 789 So. 2d 982, 987 (Fla. 2001) ("a violation must always be willful and substantial to produce a revocation" (emphasis omitted)). But the trial court was not obligated to accept his testimony as truthful. In short, there was sufficient evidence to support the trial court's conclusion that Johnson absconded. We therefore will not address Johnson's argument that because he did not abscond, the trial court lost jurisdiction because the supervision time was not tolled.

AFFIRMED.

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

3

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.