PETERSON, J.
Reginald Young appeals the judgment and sentence imposed in circuit court ease 92-11723 and the sentence imposed in case number 91-6924. We affirm the judgment and sentence in the first case, but vacate the sentence in the latter.
As to case 92-11723, Young contends that the trial court questioned two of the state’s witnesses in such a manner which improperly conveyed to the jury the trial court’s personal belief as to their credibility. He further contends that the prosecutor improperly asked leading questions of the same two witnesses. The two witnesses were co-perpetrators of the crimes charged. The questioning by both the trial court and the prosecutor related to the witnesses’ loss of memory at trial regarding their earlier plea hearings in which they implicated Young in the crimes.
We find that any error was harmless. Multiple witnesses who were present at the restaurant testified that all three robbers were masked and carried guns during the robberies. The arresting officer pursued Young when he saw him running from the area where the restaurant was located, and he saw Young throw a gun into a sewer with his right hand while he held a black mask with his left hand. When Young was apprehended, he was in possession of personal property connected to the crime scene: a gold bracelet, $118 in currency — including two bills that were part of the restaurant’s bait money — and two socks that were worn *1207 over his hands during the robbery. The overwhelming evidence against Young is consistent with the convictions and there is no reasonable possibility that the alleged errors could have had any effect on the jury verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The state concedes that the trial court erred when it sentenced the appellant to three concurrent ten year terms pursuant to his violation of the terms of his probation in case number 91-6924. The appellant was originally sentenced as a youthful offender on those offenses and cannot receive total prison sentences in excess of six years for these crimes. State v. Amette, 604 So.2d 482 (Fla.1992). Accordingly, we vacate the sentences on that case only and remand for resentenc-ing.
We find no merit in the remaining issues raised by the appellant.
AFFIRMED IN PART; SENTENCES VACATED IN PART; REMANDED.
GOSHORN and GRIFFIN, JJ., concur.