664 So.2d 1093 (1995)
Isaiah DUNBAR, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02975.
District Court of Appeal of Florida, Second District.
December 8, 1995.
*1094 James Marion Moorman, Public Defender, and D.P. Chanco, Assistant Public Defender, Bartow, for Appellant.
Isaiah Dunbar, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Y. Swing, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Isaiah Dunbar challenges consecutive six year sentences imposed by the trial court upon revocation of his probation. We reverse and remand for imposition of concurrent sentences.
Dunbar was originally sentenced as a youthful offender to concurrent terms of four years of probation followed by two years of community control on two counts of attempted second-degree murder. Thereafter, his probation was revoked for failing to pay the costs of supervision, for not reporting, for not seeking employment, and for not trying to get a GED. Dunbar was sentenced to consecutive six year terms of imprisonment with credit for time served on count I only.
Since Dunbar's probation was revoked for technical violations, he can only be sentenced to a total of six years. State v. Arnette, 604 So.2d 482 (Fla. 1992); Young v. State, 654 So.2d 1206 (Fla. 5th DCA 1995); Darden v. State, 641 So.2d 431 (Fla. 2d DCA 1994). A youthful offender can be sentenced in excess of six years after revocation of probation if the violation was substantive. See § 958.14, Fla. Stat. (1993); Reeves v. State, 605 So.2d 562 (Fla. 2d DCA 1992).
The consecutive sentences are reversed with directions to impose concurrent sentences with the appropriate credit for time served.
CAMPBELL, A.C.J., and PARKER, J., concur.