702 So.2d 1346 (1997)
Jasper ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3463.
District Court of Appeal of Florida, Fifth District.
December 12, 1997.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Robinson admits violating his probation in two criminal cases.[1] He was sentenced in case number 93-2135 to a 10-year term, which he argues on appeal, is illegal because it exceeds the 6-year cap for youthful offenders. At the time Robinson was convicted of this crime, he was only 16 years old, and he was sentenced as a youthful offender. We affirm.
Section 958.14, Florida Statutes (1993) provides:
[N]o youthful offender shall be committed to the custody of the Department for a substantive violation [of probation or community *1347 control] for a period longer than the maximum sentence for the offense for which he was found guilty ... or for a technical or a non-substantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less ...
This section permits a youthful offender to be sentenced to a term longer than 6 years, after revocation of probation if the violation is substantive. Hill v. State, 692 So.2d 277 (Fla. 5th DCA 1997); Dunbar v. State, 664 So.2d 1093 (Fla. 2d DCA 1995); Johnson v. State, 678 So.2d 934 (Fla. 3d DCA 1996).
In this case, Robinson claims his violations of probation were only technical. However, he admitted to the use of marijuana and to testing positive for marijuana in connection with his probation revocation. This is an admission of a criminal offense. See § 893.13, Fla. Stat. (1995). Committing a new criminal offense is a substantive violation of probation.[2] Thus Robinson can be sentenced in excess of the 6-year limit for youthful offenders. His sentence is within the statutory maximum for robbery.[3]
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.
NOTES
[1] Robbery in case number 93-2135; robbery and grand theft in case number 95-25895.
[2] See Thomas v. State, 585 So.2d 475 (Fla. 3d DCA 1991).
[3] Fifteen years. §§ 812.13(2)(c) and 775.082(3)(c), Fla. Stat. (1993).