DAVIS, Judge.
Stephen Papinchak appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for correction of sentence.
Papinchak pleaded nolo contendere to one count of lewd and lascivious act in the presence of a child under the age of sixteen, and the court sentenced him as a youthful offender to four years’ probation. Papinchak filed a motion for reconsideration of sentence, and the court modified his sentence to two years’ community control. Papinchak subsequently violated his community control, and the court modified his sentence to four years in prison as a condition of probation.
In his motion, Papinchak alleged that his four-year prison term is an illegal sentence because the court did not designate him as a youthful offender. He argued that he technically violated his community control *41 and that therefore the court could not sentence him as an adult. See State v. Arnette, 604 So.2d 482 (Fla.1992); Schneider v. State, 788 So.2d 1073 (Fla. 2d DCA 2001); Dunbar v. State, 664 So.2d 1093 (Fla. 2d DCA 1995). The trial court denied Papinchak’s motion because his sentence does not exceed the six-year statutory maximum for youthful offenders and because Papinchak’s supervision was modified, rather than revoked, to include a prison sentence as a condition of probation.
Papinchak’s prison sentence is within the six-year statutory maximum sentence for a youthful offender who technically violated the conditions of his supervision. See § 958.14, Fla. Stat. (1999). However, his judgment and sentence do not reflect that he was sentenced as a youthful offender. If Papinchak’s allegations are true and his community control violations were technical, the trial court could not have sentenced him as an adult. See Dunbar, 664 So.2d at 1094. Therefore, if the trial court records do not refute Papinc-hak’s claim, he is entitled to have his judgment and sentence corrected to reflect that his sentence is a youthful offender sentence.
We also recognize that Papinchak’s four-year prison sentence was imposed as a condition of probation in violation of section 958.04(2)(b), which allows the trial court to impose a sentence of incarceration as a condition of probation but limits such sentence to 364 days to be served in a county facility, a department probation and restitution center, or a community residential facility. Therefore, Papinchak’s sentence of four years in prison as a condition of probation is illegal. See Carter v. State, 786 So.2d 1173 (Fla.2001). Accordingly, we reverse and remand for the trial court to correct Papinchak’s sentence or attach portions of the record which refute his claim.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.