896 So.2d 898 (2005)
Rodney BOYNTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-61.
District Court of Appeal of Florida, Third District.
March 2, 2005.
Rehearing Denied April 8, 2005.
*899 Rodney Boynton, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before LEVY, C.J., and FLETCHER and CORTIAS, JJ.
FLETCHER, Judge.
Rodney Boynton appeals the trial court's denial of postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
Boynton was initially sentenced as a youthful offender[1] upon conviction for one count of armed robbery with a firearm, and one count of burglary of a structure with assault or battery with a dangerous weapon. He was seventeen years old at the time, and was committed to serve four years in a state correctional institution for youthful offenders followed by two years of community control, a legal six-year sentence.
Boynton escaped from the correctional facility, and subsequently committed an armed kidnapping with armed robbery, case number F88-40478, and armed robbery, case number F88-40074A. Boynton went to trial on the two new substantive cases and was found guilty. The trial court sentenced him in each case as an adult to 40 years in prison, with the sentences to run concurrently.
Boynton now asserts that he should have been sentenced as a youthful offender on the two substantive cases, following his original youthful offender sentencing. He is incorrect. In State v. Hicks, 545 So.2d 952 (Fla. 3d DCA 1989) we held that a defendant previously classified as a youthful offender who is subsequently charged with substantive offenses, and not with a mere violation of probation/community control, is not entitled to be sentenced as a youthful offender upon conviction of the new, substantive offenses. Here, the state did not charge Boynton with violating his youthful offender commitment. He was charged by information with new substantive felony offenses. Boynton was thus properly sentenced as an adult to 40 years on the new charges of armed kidnapping and armed robbery.
Boynton next asserts that his guidelines scoresheet was improperly calculated for case number F88-40478 by including the escape charge which was later nolle prossed by the State. However, the nolle prossed escape charge was not used to calculate the recommended guideline sentence for that case; rather, the state relied on a prior offense of dealing in stolen property. The charge of escape was properly included in the scoresheet for case number F88-40074A as it was an extant charge at time of sentencing. Boynton's 40 year sentences are not illegal.
Affirmed.
NOTES
[1] Section 958.04, Florida Statutes (1987).