955 So.2d 67 (2007)
James MORENCY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-3183.
District Court of Appeal of Florida, Third District.
April 4, 2007.
James Morency, in proper person.
Bill McCollum, Attorney General, Orlando, for appellee.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
James Morency appeals from two orders rendered on the same day denying his petitions filed pursuant to Florida Rule of Criminal Procedure 3.800(a), the first summarily denying a motion to correct an illegal sentence and the second summarily denying a motion for jail credit. We consider both and reverse them.
Morency presented a facially valid claim that he is entitled to 364 days of credit for time spent in Miami-Dade county jail prior to his sentencing in the current cases. The trial court summarily denied the motion but failed to attach any record substantiating its decision. Morency also claims that his twenty year sentence upon violation of probation is illegal. Once again, the order summarily denying relief was not accompanied by any record *68 conclusively showing that the appellant is not entitled to any relief. On appeal from a summary denial of a motion under Florida Rule of Criminal Procedure 3.800(a), this court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(A) and (D).
Because the record now before us fails to make the required showing we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is 1) not entitled to the jail credit for time served as he claims, and 2) that his 20-year sentence upon violation of probation is not illegal.[1]
Reversed and remanded.
NOTES
[1] Morency seems to suggest in his petition to correct an illegal sentence that the trial court could not sentence him upon violation of probation because the probation violation offense was nolle prossed by the state. He is incorrect. A new criminal offense can constitute a probation violation even if nolle prossed by the state. State v. Jenkins, 762 So.2d 535 (Fla. 4th DCA 2000); see also Swilley v. State, 781 So.2d 458 (Fla. 2d DCA 2001)(absent evidence of a substantive probation violation, summary denial of rule 3.800 petition reversed for attachment of record to establish that defendant committed a substantive violation).