972 So.2d 1017 (2008)
Curtis ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3973.
District Court of Appeal of Florida, Fourth District.
January 9, 2008.
Rehearing Denied February 14, 2008.
*1019 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Following a finding that appellant, Curtis Rogers, had violated his probation, the trial court revoked his youthful offender status, his probation, and sentenced him in each of the underlying offenses to 15 years in prison for his second-degree felonies and 9.7 years in prison for his third-degree felonies. Appellant argues that his sentences violated the Youthful Offender Act and that there was no record evidence supporting the violation of probation for one of the sentences. We agree.
Appellant was originally charged by eight separately-filed informations and sentenced as a youthful offender to split sentences of prison time and probation. Following his release from custody, affidavits of violation of probation and warrants were filed. The affidavits were amended two times to include three grounds: the failure to report to the probation office as directed; failure to obtain consent of the probation officer before changing residences; and the failure to live and remain at liberty without violating any law by committing the criminal offense of burglary of an occupied dwelling.[1]
A violation of probation hearing was held and the trial court found appellant in violation of his probation by changing his residence and committing the offense of burglary of a dwelling.
The trial court first erred in revoking appellant's youthful offender status. "Once a court classifies a defendant as a youthful offender, it is prohibited from imposing sanctions other than those of the Youthful Offender Act." Mendez v. State, 835 So.2d 348, 349 (Fla. 4th DCA 2003); State v. Arnette, 604 So.2d 482, 484 (Fla. 1992) ("[Y]outhful offenders maintain youthful offender status even when they violate a condition of community control."); State v. Watts, 558 So.2d 994, 997-98 (Fla. 1990) ("[O]nce the circuit court has given a defendant youthful offender status and has sentenced him as a youthful offender, it must continue that status and only resentence the defendant as a youthful offender for a violation of the probation or community control portion of his youthful offender sentence."); Gardner v. State, 656 So.2d 933 (Fla. 1st DCA 1995); Young v. State, 654 So.2d 1206 (Fla. 5th DCA 1995).
Youthful offender status may be revoked when the defendant is charged and convicted with a new, substantive offense. See Boynton v. State, 896 So.2d 898, 899 (Fla. 3d DCA 2005). However, if the defendant is not charged by information with the new, substantive offense, but rather is charged by way of a violation of the defendant's youthful offender commitment, the defendant's youthful offender status may not be revoked. Id. Here, the allegation of a burglary of an occupied dwelling was one of the three grounds for appellant's violation of probation, not an independently charged crime via an information, nor was appellant separately convicted of the crime.
Second, the lower court erred in imposing a sentence for appellant's third-degree felonies in excess of the maximum permissible sentence for substantive violations of the Youthful. Offender Act. In six *1020 of appellant's original cases, he committed third-degree felonies and was designated a youthful offender. After violating probation, the trial court sentenced appellant to a concurrent term of 9.7 years in prison on each of the eight third-degree felony counts. These sentences are illegal as they exceed the five year maximum permissible sentence which may be legally imposed for a substantive violation of a Youthful Offender Act sentence involving a third-degree felony. Pursuant to section 958.14, Florida Statutes (2000), a violator of youthful offender probation whose violation is substantive must be credited with time served and cannot be sentenced in excess of the maximum permitted for the underlying crime. Section 958.14 states:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Fla. Stat. (2000).
A person who has been convicted of a third-degree felony may be punished by a term of imprisonment not exceeding five years. § 775.082(3)(d), Fla. Stat. Therefore, appellant's sentence should be limited to the maximum sentence of five years for third-degree felonies. See Bryant v. State, 876 So.2d 623 (Fla. 4th DCA 2004).
Additionally, appellant was originally charged with five counts of second-degree felonies. Second-degree felonies have a maximum term of imprisonment of 15 years. § 775.082(3)(c), Fla. Stat. Appellant, therefore, was properly sentenced to 15 years in prison for these felonies, but he should retain his youthful offender status as he was never convicted of the substantive offense that was a reason for his revocation of probation.
Third, appellant argues that the trial court erred in finding a violation of probation in Case No. 00-21407 where there is no record evidence supporting the allegation.
In seven of appellant's cases, an initial affidavit and warrant for violation of probation listing one violation was issued to appellant, followed by an amended affidavit and warrant listing two violations, followed by a second amended affidavit and warrant listing three violations. The third violation in the second amended affidavit and warrant alleged that appellant failed to live and remain at liberty without violating any law by committing the criminal offense of burglary of an occupied dwelling. In Case No. 00-21407, appellant's eighth case, there is no record evidence of a second amended affidavit or warrant issued. In an affidavit by the Clerk's Office for the Seventeenth Judicial Circuit, the Office indicated that the second amended affidavit of probation and warrant for Case No. 00-21407 cannot be located.
"A trial court cannot revoke a defendant's community control for conduct not charged by affidavit of violation and warrant." Baker v. State, 760 So.2d 1115, 1116 (Fla. 4th DCA 2000). However, when there is evidence from the trial transcript of the existence of the missing affidavit, this court has remanded with instructions for the trial court to conduct further proceedings to determine the existence of the missing affidavit. Id. at 1117; Howard v. *1021 State, 883 So.2d 879, 880 (Fla. 4th DCA 2004).
The transcript in this case demonstrates that there was testimony given regarding appellant's offense of burglary of a dwelling. The owner of the burglarized home testified. The investigating officer testified that he found fingerprints in the home and interviewed family members present in the home. A latent fingerprint examiner testified that she found appellant's fingerprints in the home. A detective testified that she investigated the burglary and reviewed the results of the fingerprints. Appellant's probation officer, testified that he was informed that appellant was arrested. The State argued at the hearing that "the State has proved, with sufficient evidence to sway the conscience of this Court, that in fact [appellant] has violated the three allegations in the warrant." The trial judge stated that he has heard all of the evidence as to the violation of probation and the conditions of probation "in addition to the [testimony of] officers in relationship to the substantive violation alleged in Count III."
Based on the above, there is evidence from the transcript that the trial court was working with second amended affidavits on all cases and included the third count of violation of probation in making its decision. Accordingly, we remand for the trial court to conduct further proceedings to determine the existence of a second amended affidavit and warrant for Case No. 00-21407.
As for the other sentences, we reverse and remand for the lower court to reestablish appellant's youthful offender status and resentence him on the third-degree felonies in accordance with this opinion.
Reversed and Remanded.
TAYLOR, J., concurs.
FARMER, J., concurs in conclusion only.
NOTES
[1] There is no record evidence that appellant was ever charged by information with this offense.