PER CURIAM.
 

 Pursuant to a negotiated plea, appellant, Herbert M. Johnson, was sentenced as a youthful offender on multiple charges. While serving probation after his release from prison, two affidavits of violation of probation were filed. Johnson entered an open plea to the court. The trial court sentenced Johnson to 100.95 months in prison and revoked his youthful offender status. Johnson argued to the court that it could not revoke his youthful offender status upon a revocation of probation. The trial court overruled this objection and entered the sentence.
 

 Johnson filed a motion to withdraw his plea, which the trial court summarily denied. Johnson now appeals the denial and also argues the trial court erred in revoking his youthful offender status when it sentenced him for violating his probation. We affirm the denial of his motion to withdraw his plea without discussion.
 

 The trial court, however, erred in revoking Johnson’s youthful offender status. “[I]f the defendant is not charged by information with the new, substantive offense, but rather is charged by way of a violation of the defendant’s youthful offender commitment, the defendant’s youthful offender status may not be revoked.”
 
 Rogers v. State,
 
 972 So.2d 1017, 1019 (Fla. 4th DCA 2008),
 
 rev. denied, State v. Rogers,
 
 988 So.2d 622 (Fla.2008).
 

 
 *1116
 
 We, therefore, remand for reinstatement of Johnson’s youthful offender status.
 

 Affirmed in Part; Reversed in Part, and Remanded.
 

 HAZOURI, GERBER, JJ., and KELLEY, GLENN D., Associate Judge, concur.