PER CURIAM.
 

 We affirm without discussion the trial court’s order summarily denying ground two of appellant’s second amended rule 3.850 motion.
 

 We conclude that, in ruling on the motion, the trial court should have considered grounds one, three, and four of appellant’s original motion rather than limiting its consideration to his amended ground two. The trial court’s order dismissing appellant’s original rule 3.850 motion concluded that appellant’s allegations of ineffective assistance of counsel in ground two, as to both the deficiency and prejudice prongs, were facially insufficient and allowed him an opportunity to amend “this claim,” but it specifically provided, “[t]he Defendant’s other claims will be addressed when the motion is amended or after the time to amend has expired.” (Emphasis added) At the conclusion of his amended motion and his second amended motion, both addressed to ground two, appellant specifically requested a ruling on all four grounds, incorporating them into the amended version by reference to the original motion.
 

 Having considered them on appeal, we conclude those three grounds should have been summarily denied too. However, because remand for such an order would be a waste of judicial resources, we choose simply to affirm.
 
 See generally Thompson v. State,
 
 945 So.2d 627 (Fla. 4th DCA 2006) (affirming dismissal of rule 3.800(a) motion that should have been denied on the merits);
 
 Richardson v. State,
 
 918 So.2d 999 (Fla. 5th DCA 2006) (refusing to remand for the entry of an order changing the disposition from denial to dismissal).
 

 Affirmed.
 

 GROSS, C.J., POLEN and HAZOURI, JJ., concur.