PER CURIAM.
 

 Lazaro Flores (“the defendant”) appeals from an order revoking his probation and subsequent judgment of conviction and sentence for armed robbery. We affirm.
 

 The State originally charged the defendant with one count of armed robbery and several counts of burglary of an occupied dwelling. The trial court sentenced the defendant, under the youthful offender statute, to two years community control followed by five years probation.
 

 Thereafter, the police arrested the defendant for possession of cocaine, and the Department of Corrections (“DOC”) filed an affidavit of probation violation. The defendant pleaded guilty to both the substantive charge and the violation of probation. The trial court sentenced the defendant to drug offender probation for five years.
 

 Subsequently, the police arrested the defendant for selling marijuana within 1000 feet of a school. DOC filed a violation of probation affidavit, alleging this new charge and several other violations. The trial court held an evidentiary hearing, at which the undercover officer who purchased the marijuana from the defendant testified. Finding sufficient proof of the defendant’s guilt on the new charge, the trial court revoked the defendant’s probation, entered a judgment of conviction for armed robbery, and sentenced the defendant to life.
 

 On appeal, the defendant contends that because he has not been convicted of the new charge, the trial court erred in sentencing him beyond the six-year term permitted under the youthful offender statute. On the other hand, the State asserts that the trial court did not err in sentencing the defendant to life imprisonment because it found that the defendant committed the new substantive offense. We agree with the State.
 

 
 *104
 
 Florida’s Youthful Offender Act, sections 958.011, .15, Fla. Stat. (2008), provides that “no youthful offender shall be committed ... for a substantive violation [of probation] for a period longer than the maximum sentence for the offense for which he or she was found guilty, ... or for a technical or nonsubstantive violation for a period longer than 6 years.” § 958.14. “[A] ‘substantive violation,’ as the phrase is used in section 958.14, refers exclusively to a violation premised on the commission of a separate criminal act.”
 
 State v. Meeks,
 
 789 So.2d 982, 989 (Fla.2001).
 

 Accordingly, Florida courts have held that the statute provides a six-year cap for technical violations, but not for the commission of a new criminal act.
 
 See Thompson v. State,
 
 945 So.2d 627 (Fla. 4th DCA 2006);
 
 Swilley v. State,
 
 781 So.2d 458 (Fla. 2d DCA 2001);
 
 Willis v. State,
 
 744 So.2d 1265 (Fla. 1st DCA 1999);
 
 Johnson v. State,
 
 678 So.2d 934 (Fla. 3d DCA 1996). This is true even when the new charges are nolle prossed or dismissed.
 
 See Morency v. State,
 
 955 So.2d 67, 68 n. 1 (Fla. 3d DCA 2007);
 
 Swilley,
 
 781 So.2d at 460 (“The filing of a nolle prosequi does not mean that the trial court cannot find that [the defendant] substantively violated his community control by committing new offenses.”)
 

 Moreover, a conviction in the new case need not precede sentencing on the probation violation as long as the court determining the violation has sufficient evidence that the defendant committed the new offense. In
 
 Swilley,
 
 the court reversed the trial court’s order because the record did not establish that the defendant had committed the new offenses. The court, however, recommended that the trial court hold an evidentiary hearing for the State to prove the substantive violation. 781 So.2d at 461. In
 
 Thompson,
 
 the court accepted the lower court’s conclusion that the defendant committed the crime of possession of cannabis based on a positive drug test. 945 So.2d at 628.
 

 The defendant relies on
 
 Rogers v. State,
 
 972 So.2d 1017 (Fla. 4th DCA 2008), for the proposition that a conviction on the new offenses is required to revoke a youthful offender sentence and exceed the statutory cap. In
 
 Rogers,
 
 the Fourth District wrote:
 

 Youthful offender status may be revoked when the defendant is charged and convicted with a new, substantive offense;
 
 See Boynton v. State,
 
 896 So.2d 898, 899 (Fla. 3d DCA 2005). However, if the defendant is not charged by information with the new, substantive offense, but rather is charged by way of a violation of the defendant’s youthful offender commitment, the defendant’s youthful offender status may not be revoked.
 
 Id.
 

 972 So.2d at 1019. Because of this language, the defendant argues that he was improperly sentenced in excess of the statutory six-year cap.
 

 We disagree for two reasons. First, although the Fourth District stated that without a conviction the youthful offender status may not be revoked, the court nevertheless affirmed the fifteen-year sentence the lower court imposed. 972 So.2d at 1020 (“Appellant, therefore, was properly sentenced to 15 years in prison for [five counts of second-degree] felonies, but he should retain his youthful offender status.... ”) Thus, the Fourth District did not equate retaining youthful offender status with sentencing within the six-year cap.
 

 Secondly, we respectfully disagree with the Fourth District’s expansive reading of
 
 Boynton.
 
 After escaping from a correctional facility where he was committed as a youthful offender, Boynton committed two new crimes, and was convicted and sen
 
 *105
 
 tenced to forty-year imprisonment in the new cases. On appeal from the denial of his postconviction relief motion from the new convictions, Boynton argued that he should have been sentenced as a youthful offender. This Court affirmed the denial of postconviction relief. 896 So.2d at 899.
 

 Regrettably, the
 
 Boynton
 
 court additionally stated “a defendant previously classified as a youthful offender who is subsequently charged with substantive offenses,
 
 and not with a mere violation of probation/community control,
 
 is not entitled to be sentenced as a youthful offender upon conviction of the new, substantive offenses.” 896 So.2d at 899 (emphasis added). Because
 
 Boynton
 
 did not involve a probation revocation, this language is
 
 dicta
 
 and of no precedential value. Thus, neither
 
 Rogers
 
 nor
 
 Boynton
 
 stand for the proposition that a defendant must first be convicted on new offenses before he or she may be sentenced in excess of the six-year statutory cap.
 

 Here, the trial court heard from several witnesses, including the undercover police officer who purchased marijuana from the defendant. Therefore, the trial court had proof of the defendant’s guilt on the new offense. Based on this finding, the trial court correctly revoked the defendant’s probation and was not limited in sentencing by the youthful offender statutory cap of six years.
 

 Accordingly, we affirm the trial court’s judgment and sentence.
 

 Affirmed.