LAWSON, J.
Bobby Lee Christian, Jr., appeals from the denial of his rule 3.800(a) motion to correct illegal sentence. Christian was originally sentenced pursuant to the Florida Youthful Offender Act, sections 958.022-.15, Florida Statutes (2004) (‘Youthful Offender Act”), to concurrent split sentences on charges of aggravated assault against a law enforcement officer (with a firearm) and aggravated battery with a deadly weapon. After serving the prison portion of these sentences, and while on youthful offender probation, Christian violated his probation by using marijuana. Although Christian was not charged with a new crime related to his illicit drug use, he did admit to using marijuana. Upon accepting Christian’s admission to this violation of probation, the trial court revoked his probation and sentenced him to concurrent terms of ten years in state prison on the charges. Christian argues that these sentences violate a provision in the Youthful Offender Act which provides that: “[N]o youthful offender shall be committed ... for a substantive violation [of probation] for a period longer than the maximum sentence for the offense for which he or she was found guilty, ... or for a technical or nonsubstantive violation for a period longer than 6 years.” § 958.14, Fla. Stat. (2004). Christian argues that his violation cannot be classified as substantive because the State did not charge and convict him of any new crime related to his illicit drug use. As such, he argues that this violation must be classified as technical or nonsubstantive, and that he could only be sentenced to six years in prison. We reject this argument based upon our precedent in Robinson v. State, 702 So.2d 1346 (Fla. 5th DCA 1997) (holding that illicit drug use, because it is also a crime, constitutes a substantive violation of youthful offender probation).[1] In Robinson, as in this case, the state did not file new charges based upon the illicit drug use.
We have repeatedly and consistently followed Robinson. See, e.g., Drost v. State, 995 So.2d 1142 (Fla. 5th DCA 2008); Schneider v. State, 929 So.2d 1121 (Fla. 5th DCA 2006); Stevenson v. State, 869 So.2d 644 (Fla. 5th DCA 2004); Washington v. State, 840 So.2d 442 (Fla. 5th DCA 2003); Hardy v. State, 706 So.2d 42 (Fla. 5th DCA 1998). And, Robinson has been cited with approval by the Florida Supreme Court, see State v. Meeks, 789 So.2d 982, 985-86 (Fla.2001), and by all but one of Florida’s other district courts of appeal. See, e.g., Meeks v. State, 754 So.2d 101 (Fla. 1st DCA 2000), approved, 789 So.2d 982 (Fla.2001); Swilley v. State, 781 So.2d 458, 460-61 (Fla. 2d DCA 2001); Thompson v. State, 945 So.2d 627, 628 (Fla. 4th DCA 2006). Although not citing to Robinson, the Third District has also repeatedly held that new criminal conduct constitutes a substantive violation of youthful offender probation, irrespective of whether the conduct results in new charges or convictions. See, e.g., Flores v. State, 46 So.3d 102 (Fla. 3d DCA 2010), rev. granted, 58 So.3d 260 *440 (Fla.2011); Morency v. State, 955 So.2d 67, 68 n. 1 (Fla. 3d DCA 2007).
On appeal, however, Christian argues that our holding in Robinson should be viewed as conflicting with Rogers v. State, 972 So.2d 1017 (Fla. 4th DCA 2008), which contains language suggesting that a new crime may only be classified as a substantive violation of youthful offender probation where the defendant is “charged by information -with the new, substantive offense,” id. at 1019, and independently convicted of the new charge(s). Id. at 1020. If this was the intended holding of Rogers, then we agree that Rogers would be in conflict with Robinson, as well as most of the cases cited above following Robinson, including other cases from the Fourth District, see, e.g., Thompson, 945 So.2d at 628, and the Third District’s recent Flores decision.
More importantly, no such holding could be squared with the plain language of section 958.14, Florida Statutes. That statute limits sentencing for technical violations of youthful offender probation to six years, but cannot reasonably be read as adding new evidentiary requirements or procedural hurdles that the state must meet to prove either a technical or substantive violation of probation for youthful offender cases. Cf. Hayes v. State, 750 So.2d 1, 4 (Fla.1999) (“[Courts] are not at liberty to add words to statutes that were not placed there by the Legislature.”). Florida’s courts have long held that criminal conduct may be established in a violation of probation hearing (as a basis for revoking probation) by a preponderance of the evidence, even where the defendant is acquitted of new charges based upon the same conduct. See, e.g., Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975). We have never imposed a requirement that the state independently prosecute new criminal charges in order to allege the conduct as a violation of probation. See, e.g., State v. Tuthill, 545 So.2d 850, 851 (Fla.1989); Swilley, 781 So.2d at 460. Clearly, if the legislature had intended to add additional procedural or proof requirements to the state’s burden of establishing probationary violations for youthful offenders, whether technical or substantive, “it could easily have said so.” Fla. Wildlife Fed’n v. State, Dep’t of Envtl. Regulation, 390 So.2d 64, 67 (Fla.1980) (courts “presume legislative awareness of the law”). We also point out that in the fifteen years since we decided Robinson, the legislature has repeatedly amended the Youthful Offender Act[2] without adding any language to impose the requirements which Christian advocates for based upon his reading of Rogers. See Goldenberg v. Sawczak, 791 So.2d 1078, 1081 (Fla.2001) (“Long-term legislative inaction after a court construes a statute amounts to legislative acceptance or approval of that judicial construction.”).
In addition, we note that the Third District in Flores addressed Rogers in some detail, explaining why Rogers should not be read as requiring conviction on new offense(s) in order to establish a substantive violation of youthful offender probation (and thereby bypass the six-year cap for youthful offender sentences). We agree with the Third District’s reading of Rogers, and see no conflict among the districts on this issue. However, it appears that the Florida Supreme Court has accepted review of Flores, pursuant to its conflict jurisdiction, based upon an argument that Flores conflicts with Rogers. If Flores does conflict with Rogers on this *441 issue, then our precedent also conflicts with Rogers. Seeing no reason to revisit our longstanding precedent, which in our view accurately interprets section 958.14, we elect to certify conflict with Rogers (even though we see no conflict) in light of our Supreme Court’s current review of Flores.
Because we believe that a more thorough discussion of the four issues addressed by Florida’s courts relating to the Youthful Offender Act may help clear up the confusion that underpins Christian’s argument in this case, we will now address those issues. Those issues are: (1) the sentencing features (including limitations) applicable to youthful offender sentences; (2) how a trial court’s decision to sentence a defendant on an offense pursuant to the Youthful Offender Act affects future sentencing proceedings relating to that offense; (3) youthful offender classification within the Department of Corrections; and (4) whether a trial court’s decision to sentence a defendant pursuant to the Youthful Offender Act affects sentencing for new offenses committed while the defendant is serving his or her youthful offender sentence. In discussing these issues, we will occasionally use the phrase “youthful offender status.” Although that phrase is not found in the Youthful Offender Act, its use in differing contexts (to mean different things) may have helped create the confusion that we will now attempt to clear up.

Issue 1: Features and Limitations of a Youthful Offender Sentence.

With passage of the Youthful Offender Act in 1978, see Chapter 78-84, Laws of Florida, the legislature created an alternative sentencing scheme available to judges when sentencing a criminal defendant younger than 21 years of age at the time of sentencing. § 958.04(1), Fla. Stat. (2011).[3] Youthful offender sentencing is not available for defendants guilty of a capital or life felony, see section 958.04(l)(c), Florida Statutes (2011), or for defendants who have been sentenced pursuant to the Youthful Offender Act for a prior offense. Id.
The youthful offender sentencing feature most often addressed by the courts is the six-year sentencing limit applicable, under the current version of the statute, to the original sentence on an offense and to any sentence imposed following a technical or non-substantive violation of probation. See § 958.14, Fla. Stat. (2011). It is important to note that prior versions of the statute contained a six-year cap on all youthful offender sentences, with no exceptions. See, e.g., § 958.14, Fla. Stat. (1989) (“However, no youthful offender should be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less ... ”). This meant that a trial judge sentencing a defendant who had violated youthful offender probation, even with a substantive violation, could impose no more than six years in state prison when sentencing on the underlying charge following the probationary violation. State v. Watts, 558 So.2d 994 (Fla.1990). The language providing for sentencing above this cap, for substantive violations of probation, was added by the legislature in 1990. See Ch. 90-208, § 19, Laws of Fla.[4]
*442 Another feature of youthful offender sentencing is that none of Florida’s minimum mandatory sentencing statutes apply to a sentence imposed pursuant to the Youthful Offender Act. See, e.g., Mendez v. State, 835 So.2d 348 (Fla. 4th DCA 2003). This is because a “sentence imposed under the Act is ‘[i]n lieu of other criminal penalties authorized by law....’” Id. at 349 (quoting § 958.04(2), Fla. Stat. (2001)).
Finally, section 958.04(2)(d) affords defendants sentenced as a youthful offender an opportunity to have his or her sentence modified or reduced, upon recommendation by the Department of Corrections, “for successful participation in the youthful offender program ...”[5] Id.

Issue 2: Effect of Youthful Offender Sentencing on a Subsequent Sentence for the Same Offense (ie., Upon a Violation of Probation).

In State v. Arnette, 604 So.2d 482 (Fla.1992), the Florida Supreme Court held that once a defendant is sentenced as a youthful offender, the sentencing features (and limitations) of the Youthful Offender Act apply to future sentencing proceedings on that same offense (i.e., after a violation of probation). That principle is straightforward, and nothing in the Act has changed since Amette to alter that broad holding. In its discussion of this issue, however, the Court used the term “youthful offender status” to describe a defendant sentenced pursuant to the Youthful Offender Act (and who therefore benefited from the features and limitations of youthful offender sentencing). Therefore, the holding (that once a defendant is sentenced as a youthful offender, the sentencing features of the Act apply to future sentencing proceedings on that offense) was expressed as follows: “youthful offenders maintain youthful offender status even when they violate a condition of community control.” Id. at 484.
What can be confusing about that pronouncement is that Amette, although decided in 1992, dealt with the pre-1990 version of the Youthful Offender Act (before the Act was amended to provide for sentencing above the six-year cap following a substantive violation of youthful offender probation). See id.; see also Johnson v. State, 678 So.2d 934 (Fla. 3d DCA 1996). So, the practical effect of the ruling was that the defendant in that case could not be sentenced above the six-year cap. But, even as of the date that Amette was decided, the Youthful Offender Act had already been amended to provide for a youthful offender sentence above the cap following a substantive violation of probation. Id. If focusing on the practical issue (application of the six-year cap), it would be easy to equate the term “youthful offender status” with a sentence limited by the cap.
This confusion is evidenced by the number of district court opinions still being issued (now a decade after Amette) to clarify that even when a youthful offender is sentenced above the cap following a substantive violation of probation, the defendant still maintains his or her “youthful offender status.” See, e.g., Mosley v. State, 77 So.3d 877 (Fla. 2d DCA 2012); *443 Perez v. State, 75 So.3d 815 (Fla. 2d DCA 2011); Eustache v. State, 83 So.3d 784 (Fla. 4th DCA 2011); Lee v. State, 67 So.3d 1199 (Fla. 2d DCA 2011); Vantine v. State, 66 So.3d 350 (Fla. 2d DCA 2011); Blacker v. State, 49 So.3d 785 (Fla. 4th DCA 2010); Johnson v. State, 41 So.3d 1115 (Fla. 4th DCA 2010). It might be less confusing if we dropped the phrase “youthful offender status” and simply explained that the longer sentence was still imposed pursuant to the Youthful Offender Act, and that other features of youthful offender sentencing still apply. But, irrespective of the terminology used, the issue is particularly significant in cases where the charge would carry a minimum mandatory prison term if the trial judge had not originally opted for a youthful offender sentence. See, e.g., Blacker. The issue is also significant in terms of the next topic we will address—youthful offender classification within the Department of Corrections.

Issue 3: Youthful Offender Classification within Department of Corrections.

Section 958.11, Florida Statutes, requires the Department of Corrections to “designate separate institutions and programs for youthful offenders.”[6] These programs and facilities are required to be made available to offenders sentenced pursuant to the Youthful Offender Act, as well as to any other inmate who meets certain qualifications and is classified by the Department of Corrections as a youthful offender (even though not sentenced as such by the court). In fact, the Youthful Offender Act expressly defines the term “youthful offender”' to mean “any person who is sentenced as such by the court or is classified as such” by the Department. § 958.03(5), Fla. Stat. (2011). In addition to special programs and facilities, youthful offenders sentenced to the Department of Corrections can be afforded other special privileges, such as the ability to “leave the place of his or her confinement for a prescribed period of time” to “visit a designated place or places” or to “arrang[e] for employment or for a suitable residence for use when released” or to “work at paid employment” or “participate in an educational or a training program,” or for other reasons. § 958.09, Fla. Stat. (2011).
The Department may only place a youthful offender in a non-youthful offender facility under limited circumstances, such as when the youthful offender has been convicted of a new felony offense, see § 958.11(3)(a), Fla. Stat. (2011), or “becomes such a serious management or disciplinary problem” that assignment to a youthful offender facility “would be detrimental to the interests of the [youthful offender] program and to other inmates committed thereto.” § 958.11(3)(b), Fla. Stat. (2011).
For obvious reasons, youthful offenders who have received sentences above the six-year cap have sought to clarify that the longer sentence is still a youthful offender sentence simply to assure that they receive the initial classification preference within the Department of Corrections. See, e.g., Lee v. State, 67 So.3d 1199, 1202 n. 1 (Fla. 2d DCA 2011). In this context, the term “youthful offender status” could be understood as referring either to the fact that *444 the sentence was imposed pursuant to the Youthful Offender Act, or to the defendant’s youthful offender classification within the Department.

(i) Whether a Trial Court’s Decision to Sentence a Defendant Pursuant to the Youthful Offender Act Affects Sentencing for New Offenses Committed while the Defendant is Serving His or Her Youthful Offender Sentence.

In Boynton v. State, 896 So.2d 898 (Fla. 3d DCA 2005), the court dealt with a creative argument by a defendant who had committed new offenses while serving a youthful offender sentence. He argued that because he was a youthful offender at the time he committed the new offenses, the trial court was required to sentence him as a youthful offender on the new offenses as well. That argument is nothing more than a misapplication of the holding in Amette that: “youthful offenders maintain youthful offender status even when they violate a condition of community control [by committing a new offense].” Id. at 484. That holding dealt only with the affect of a community control violation (in that case, a new crime violation) on sentencing for the original offense. As to any new offenses, of course, the Youthful Offender Act itself expressly bars youthful offender sentencing for a defendant previously sentenced as a youthful offender. § 958.04(l)(c), Fla. Stat. (2011). Accordingly, the Boynton panel properly rejected the argument, stating: “a defendant previously classified as a youthful offender who is subsequently charged with substantive offenses, and not with a mere violation of probation / community control, is not entitled to be sentenced as a youthful offender upon conviction of the new, substantive offenses.” This language dealt with the only issue presented in Boynton — sentencing on the new offenses.
However, as discussed in Flores, it appears that the Fourth District (in Rogers ) misread Boynton as holding that a defendant who is charged and convicted of a new offense while on youthful offender probation loses his “youthful offender status” with respect to the original youthful offender sentence. This statement could be correct if by “youthful offender status” the court was referring to a defendant’s classification within the Department of Corrections. As previously noted, section 958.11(3)(a), Florida Statutes, allows the Department of Corrections to essentially reclassify a youthful offender, and transfer that inmate into a regular prison facility, if the offender is convicted of a new felony offense. However, it appears that the Rogers panel read Boynton to mean that the sentencing features of the Youthful Offender Act no longer apply at all to a sentence imposed following a substantive violation of youthful offender probation if the state also separately charges and convicts the defendant of the new offense. This is clearly not the holding of Boynton, and would be inconsistent with Amette and the plain language of the Youthful Offender Act itself. Rather, under Ar-nette, even if a youthful offender violates probation (or community control) with a new offense, and is separately charged and convicted of the new offense, he or she is still entitled to be sentenced as a youthful offender on the original offense. Even though the six-year cap does not apply to a youthful offender sentence imposed following a substantive violation of probation, other important sentencing features of the Youthful Offender Act could affect the sentence. This is especially important for crimes carrying a minimum mandatory prison term for sentences imposed outside of the Youthful Offender Act.[7]
*445 To further exacerbate the problem, in our case, as in Flores, Christian is now misreading the language in Rogers as holding that in order to prove a substantive violation of youthful offender probation, the State must separately charge and successfully prosecute a youthful offender of a new criminal offense. In other words, in this case, Christian misreads the phrase “youthful offender status” as referring to a youthful offender sentence limited by the six-year cap. As explained in Flores, that was not the holding of Rogers.

Conclusion

In summary, cases addressing different aspects of the Youthful Offender Act appear to conflict because the phrase “youthful offender status” has been used to mean different things in different contexts. However, when one focuses on the precise issue being addressed in each case, the case law makes sense and harmonizes relatively well. We settled the issue addressed in this case — what proof is required to establish a substantive violation of youthful offender probation — many years ago in Robinson. The issue has been addressed repeatedly by Florida’s courts, and we have found no case holding that a substantive violation of probation may only be established if the state separately charges and convicts a defendant of a new crime. In Rogers, for example, the Fourth District affirmed a 15-year prison sentence after the state proved a substantive violation of probation (the new crime of burglary) at a violation of probation hearing. In that case, there was “no record evidence that appellant was ever charged by information with this [burglary] offense.” Id. at 1019 n. 1.
AFFIRMED; CONFLICT CERTIFIED.
ORFINGER, C.J., and MONACO, J., concur.

. Christian raised a similar issue in a prior 3.850 motion, in which he argued that his trial counsel was ineffective for failing to object to the ten-year sentence. The trial court denied that motion on the merits, and Christian filed an untimely appeal, which we dismissed for lack of jurisdiction. The trial court denied the instant 3.800(a) motion as successive. As the issues raised in the motions are practically the same, the 3.800(a) motion is arguably successive. Cf. State v. McBride, 848 So.2d 287 (Fla.2003). This would serve as an additional reason for an affirmance.

. See, e.g., Ch. 98-204, § 21, Laws of Fla.; Ch. 98-280, § 61, Laws of Fla.; Ch. 2004-373, § 38, Laws of Fla.; Ch. 2007-2, § 8, Laws of Fla.; Ch. 2008-250, § 7, Laws of Fla.

. This is the age requirement in the current version of the Youthful Offender Act. Under the earlier version, eligibility for youthful offender sentencing was determined based upon the age of the defendant at the time of the offense. § 958.04, Fla. Stat. (1998).

. In Meeks, the Florida Supreme Court construed "substantive violation of probation” narrowly, as only including criminal activity. Id., 789 So.2d at 989. That case, however, did not hold that the new crime had to be separately charged, or proven any differently *442 than any other violation of probation. Id. And, as noted previously, Meeks cited approvingly to Robinson, as well as other District Court cases upholding trial court findings of substantive (new crime) violations of probation with no indication that the criminal conduct had been separately charged and prosecuted.

. This reduction of sentence benefit also applies to inmates who are not sentenced by the court as a youthful offender, but are nonetheless classified as a youthful offender by the Department of Corrections. § 958.04(2)(d), Fla. Stat. (2011).

. The Youthful Offender Act also requires the Department to operate a "basic training” program for youthful offenders, see § 958.045, Florida Statutes (2011), and authorizes courts to sentence youthful offenders to county-operated "boot camp” programs in lieu of prison. § 958.046, Fla. Stat. (2011). Youthful offenders within the Department of Corrections may also be afforded other privileges, such as "the extension of the limits of the place of confinement” (i.e., housing outside of a prison or release for work, voluntary service, or to "participate in an educational or a training program”). § 958.09, Fla. Stat. (2011).

. In Goldwire v. State, 73 So.3d 844 (Fla. 4th DCA 2011), another Fourth District panel ap *445 pears to have mislabeled a youthful offender sentence above the six-year cap (as now authorized by the Youthful Offender Act itself following a substantive violation of probation) as a "non-youthful offender sentence.” Id. at 846. This mislabeling caused the panel to conclude (erroneously, in our view) that the trial court had the discretion to avoid other sentencing features applicable to a youthful offender sentence, and impose a firearm minimum mandatory following a substantive violation of probation. Id. We do not believe that Amette permits this result. See Arnette, 604 So.2d at 484 (“youthful offenders maintain youthful offender status even when they violate a condition of community control”). Although the legislature amended the version of Youthful Offender Act at issue in Amette to authorize a youthful offender sentence above the six-year cap following a substantive violation of probation, the statute has not been amended to authorize imposition of a non-youthful offender sentence following a substantive violation. Nor has the statute been amended to authorize variation from any other feature of a youthful offender sentence following a substantive violation of probation.