WELLS, Chief Judge.
Jean Yves Jacques appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal *420 Procedure 3.800, claiming here that the court below erred in failing to continue his youthful offender status when he was re-sentenced following revocation of probation. Because the sentencing order does not confirm continuance of his youthful offender status, we reverse and remand for correction of that portion of the order.
Jacques was initially charged with trafficking in cocaine in violation of section 893.135(l)(b)l of the Florida Statutes. After pleading guilty to one count of trafficking in cocaine, he was sentenced as a youthful offender to six years probation. Thereafter, an affidavit of probation violation was filed alleging both technical and substantive violations on Jacques’ part. Following an evidentiary hearing, the court below determined that Jacques had violated the terms of his probation by engaging in a number of serious crimes (kidnapping with a weapon, armed burglary, armed robbery and sexual battery with a weapon).[1] His probation was revoked and the trial court sentenced him to thirty years in prison.
In his postconviction motion, Jacques claimed that the lower court erred in failing to continue his status as a youthful offender and in imposing a sentence beyond the permissible sentence of no more than six years for a technical or non-substantive violation of probation. See § 958.14, Fla. Stat. (2012). The lower court denied the motion on both points. Jacques appeals the denial of his postcon-viction motion.
We find no error in the imposition of a sentence exceeding six years as section 958.14 provides that, for a substantive probation violation, a youthful offender may be sentenced to the maximum sentence allowed for the crime for which he or she was found guilty. See § 958.14, Fla. Stat. (2012) (providing that “no youthful offender shall be committed to the custody of the department for a substantive [probation] violation for a period longer than the maximum sentence for the offense for which he or she was found guilty ”) (emphasis added); Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011) (“[T]he court is not limited to imposing the usual youthful offender sentence of six years or less in prison if the revocation is based on a substantive violation.”) In this case, Jacques was on probation for trafficking in cocaine, a first degree felony, which permits a term of imprisonment not exceeding thirty years. See § 775.082(3)(b), Fla. Stat. (2012); § 893.135(1)(b)1, Fla. Stat. (2012). Because Jacques committed a substantive violation of his probation, the thirty year sentence imposed was an authorized sentence.
We cannot, however, discern from the new sentencing order that Jacques’ youthful offender status was continued as required. See Lee, 67 So.3d at 1202 (“Once a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control.” (quoting Blacker v. State, 49 So.3d 785, 788 (Fla. 4th DCA 2010))).[2] We therefore re *421 verse and remand the sentencing order on review to be corrected to reflect that Jacques’ youthful offender status will continue under the new sentence. Jacques need not be present for correction of the sentence.
Affirmed in part, reversed in part, and remanded with instructions.

. The' fact that these new charges were nolle prossed by the Slate at a later date does not affect this determination. See Flores v. State, 46 So.3d 102, 104 (Fla. 3d DCA 2010) (recognizing that the trial court may find a substantive violation of probation "even when the new charges are nolle prossed or dismissed”); Morency v. State, 955 So.2d 67, 68 n. 1 (Fla. 3d DCA 2007) ("A new criminal offense can constitute a probation violation even if nolle prossed by the state.”).

. As noted in Yegge v. State, 88 So.3d 1058, 1060 (Fla. 2d DCA 2012):
Importantly, this is not a mere paper victory. A youthful offender designation carries benefits—including the availability of pro *421 grams and facilities, and, though [the defendant] may not qualify, eligibility for early release — within the criminal justice system.