PER CURIAM.
Ocelyn St. Cyr appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We affirm as to appellant’s claim that the trial court erred in not evaluating his mental health status before sentencing. This claim is not proper for a rule 3.800(a) motion. See Potter v. State, 769 So.2d 519, 520 (Fla. 3d DCA 2000).
Appellant also claimed that the trial court could not revoke his “youthful offender status” following revocation of community control. We remand as to this claim because, as the state concedes, the trial court failed to attach records to refute the claim.[1]
*489 The trial court revoked appellant’s youthful offender community control status following substantive violations, including appellant’s commission of new offenses while on community control. Because this was a substantive and not a technical violation, the court could sentence appellant as a youthful offender up to the statutory maximum for the offenses and was not limited by the six-year cap that applies to technical violations only. § 958.14, Fla. Stat. (2007).
Appellant’s argument that he could not be sentenced to more than six years in prison is incorrect. Appellant appears confused by language in Rogers v. State, 972 So.2d 1017, 1019 (Fla. 4th DCA 2008) (citing Boynton v. State, 896 So.2d 898, 899 (Fla. 3d DCA 2005)). The confusion was clarified by the Fifth District Court of Appeal in Christian v. State, 84 So.3d 437, 440 (Fla. 5th DCA 2012). See also Flores v. State, 46 So.3d 102, 104-05 (Fla. 3d DCA 2010), rev. dismissed, 93 So.3d 324 (Fla.2012).
A defendant need not have been charged or convicted of the new offense constituting the substantive violation in order for a court to sentence a youthful offender in excess of the six-year cap. See Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011) (“[W]hile the court must maintain the defendant’s youthful offender status upon revocation of probation, the court is not limited to imposing the usual youthful offender sentence of six years or less in prison if the revocation is based on a substantive violation of probation.”).
The court in this case could sentence appellant as a youthful offender up to the statutory maximum for his offenses. The fifteen-year sentence he received is not illegal on the ground that it exceeds the six-year cap that applies to technical violations.
Nevertheless, as the state concedes, without the sentencing records, it is not clear whether the trial court sentenced appellant as a youthful offender following revocation. “Once a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control.” Blacker v. State, 49 So.3d 785, 788 (Fla. 4th DCA 2010) (citations omitted). The erroneous revocation of this status, that is the failure to sentence the defendant as a youthful offender following revocation of supervision, can be raised in a rule 3.800(a) motion. Id. at 787.
Appellant’s designation as a youthful offender could affect his classification within the prison system, the availability of programs, and the possibility of early release. See Christian, 84 So.3d at 443-44; Blacker, 49 So.3d at 787.
Accordingly, we remand to the circuit court with directions to sentence appellant as a youthful offender or to attach records refuting appellant’s claim.

Reversed and remanded with directions.

WARNER, POLEN and CIKLIN, JJ., concur.

. This court previously denied the state's motion to supplement the appellate record with the sentencing documents. St. Cyr v. State, -So.3d-(Fla. 4th DCA 2012).