CONNER, J.
James Lachenauer was charged with robbery with a firearm, aggravated assault with a firearm, possession of morphine, and trafficking in Oxycodone. He pleaded to the charges, was adjudicated guilty, and sentenced as a youthful offender to a term of prison followed by probation. The trial court found that Lachenauer violated his probation by committing a new crime, for which he was neither separately charged nor convicted. Ultimately, the trial court sentenced him to additional incarceration for violating probation, but failed to indicate that he was sentenced as a youthful offender. Lachenauer appeals, arguing (1) the evidence of a violation was insufficient; (2) the document charging him with violation of probation was insufficient; and (3) the sentencing order was improper because it failed to indicate his status as a youthful offender. We affirm on the first two issues without discussion and reverse *881 on the final issue, remanding so that the trial court may enter a sentencing order which recognizes Lachenauer was sentenced for the violation of probation as a youthful offender.
A youthful offender who technically, but not substantively, violates probation may receive a sentence of incarceration up to either (1) the maximum sentence for the underlying crime or (2) six years, whichever is less. Rogers v. State, 972 So.2d 1017, 1019 (Fla. 4th DCA 2008); § 958.14, Fla. Stat. (2009). Additionally, credit must be given for time served. Id. Where the violation of probation is substantive and the maximum sentence for the underlying crime is more than six years, the trial court may impose incarceration for the violation in excess of the six-year cap. St. Cyr v. State, 106 So.3d 487, 489 (Fla. 4th DCA 2013). However, once a youthful offender sentence has been imposed at the initial sentencing, the youthful offender status may not be subsequently revoked upon sentencing for a violation of probation, absent circumstances which are not present in the instant case. Id.; Rogers, 972 So.2d at 1019. A prisoner’s youthful offender status affects his or her classification within the prison system, the availability of programs, and the possibility of early release. Yegge v. State, 88 So.3d 1058, 1060 (Fla. 2d DCA 2012).
Based upon the facts specific to this case, we find that although it was proper to sentence Lachenauer beyond the six-year cap, it was error for the trial court to enter a sentencing order that does not reflect his youthful offender status. As a result, we reverse and remand to the trial court with directions to enter an appropriate written sentencing order designating Lachenauer as a youthful offender.

Reversed and, remanded with directions.

DAMOORGIAN, C.J., and WARNER, JJ., concur.