PER CURIAM.
Affirmed. See § 948.06(2)(e), Fla. Stat. (2014) (providing that when a court revokes a defendant’s community control it may “impose any sentence which it might have originally imposed before placing the ... offender on probation or into community control”); cf. § 958.14, Fla. Stat. (2011) (providing that if a defendant was placed on community control as a youthful offender, upon revocation the court may not sentence the defendant to more than six years’ imprisonment where the violation is technical or non-substantive); Dunbar v. State, 664 So.2d 1093 (Fla. 2d DCA *1077 1995) (applying section 958.14 and holding a defendant placed on probation as a youthful offender cannot be sentenced to more than six years’ imprisonment following a revocation of probation based upon a technical violation).
See also, § 921.0017, Fla. Stat. (2014) (providing that, following revocation of probation or community control on a split sentence, the trial court shall determine the amount of credit for jail time previously served and shall direct the Department of Corrections to calculate the amount of credit for prison time previously served on the split sentence).