DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRANDON ROSHAWN S. GRANGER**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-603

[August 22, 2018]

Appeal of order denying 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth A. Scherer, Judge; L.T. Case No. 12-001867CF10A.

Brandon Roshawn S. Granger, Cross City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Brandon Granger appeals the circuit court's denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. He argues the imposition of a twelve-year sentence after his probation violation is illegal because he committed only a technical violation, and the new sentence exceeds his original youthful offender sentence. We affirm.

We write to note that this Court's opinions have consistently required a court to maintain a defendant's youthful offender status even when being resentenced on a substantive probation violation. *See, e.g.*, *Larkins v. State*, 159 So. 3d 386, 386 (Fla. 4th DCA 2015); *Smith v. State*, 143 So. 3d 1023, 1024-25 (Fla. 4th DCA 2014); *St. Cyr v. State*, 106 So. 3d 487, 488-89 (Fla. 4th DCA 2013); *Lachenauer v. State*, 117 So. 3d 880, 880-81 (Fla. 4th DCA 2013); *Johnson v. State*, 41 So. 3d 1115, 1115 (Fla. 4th DCA 2010); *Rogers v. State*, 972 So. 2d 1017, 1019-20 (Fla. 4th DCA 2008). The Florida Supreme Court has now expressly disapproved of each of these cited cases and held that "when a youthful offender commits a substantive violation of probation and the trial court elects to impose a sentence in excess of the six-year cap, the sentence necessarily becomes an adult

[Criminal Punishment Code] sentence such that the defendant does not retain his or her 'youthful offender status.'" *Eustache v. State*, 43 Fla. L. Weekly S291a (Fla. July 12, 2018). Thus, in this case, the court was not required to maintain the defendant's youthful offender status on resentencing.

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**